# WHEELING.

DICKINSON, EXOR., *v.* LEWIS.

July 15, 1874.

When a party obtains an appeal and *supersedeas* to decrees of a circuit court, rendered upon bill taken for confessed as to him, before applying to the court in which the decree was rendered, or the judge thereof in vacation, to reverse or amend the errors of which he complains, his appeal and *supersedeas* will be dismissed as improvidently allowed.*

---

\* The following are sections five and six of chapter cne hundred and thirty-four of the Code referred to in the opinion of the Court:

"5. The court in which there is a judgment by default, or decree on a bill taken for confessed, or the judge of said court in the vacation thereof, may, on motion, reverse such judgment or decree, for any error for which an appellate court might reverse, if the following section was not enacted, and give such judgment or decree as ought to be given. And the court in which is rendered a judgment or decree, in a cause wherein there is in a declaration or pleading, or in the record of the judgment or decree, any mistake, miscalculation, or misrecital of any name, sum, quantity, or time, when the same is right in any part of the record or proceedings, or when there is any verdict, report of a commissioner, bond, or other writing whereby such judgment or decree may be safely amended; or in which a judgment is rendered on a forthcoming bond for a sum larger than by the execution or warrant of distress appears to be proper, or on a verdict in an action for more damages than are mentioned in the declaration; or in the vacation of the court in which any such judgment or decree is rendered, the judge thereof may, on the motion of any party, amend such judgment or decree according to the truth and justice of the case; or in any such case the party obtaining such judgment or decree may, in the same court, at any future term, by an entry of record, or in the vacation, by a writing signed by him, attested by the clerk, and filed among the papers of the cause, release a part of the amount of his judgment or decree; and such release shall have the effect of an amendment, and make the judgment or decree operate only for what is not released. Every motion under this chapter shall be after reasonable notice to the opposite party, his agent, or attorney in fact or at law, and shall be within five years from the date of the judgment or decree,

"6. No appeal, writ of error, or *supersedeas* shall be allowed or entertained by an appellate court or judge for any matter for which

· This is an appeal, operating as a *supersedeas*, granted by one of the judges of this Court, upon the petition of John D. Lewis, from two several decrees of the circuit court of Kanawha county, rendered on the 16th day of December, 1868 and 7th day of July, 1870. The complainant below was "William Dickinson, as executor of William Dickinson, deceased, who was the surviving partner of William Dickinson, deceased, and Joel Shrewsbury, deceased, late partners in trade, by the name and style of Dickinson & Shrewsbury;" and the respondents, said John D. Lewis and William D. Shrewsbury, and a large number of persons, who, either individually or in some other capacity, were secured in certain deeds of trust, executed by the said Lewis and William D. Shrewsbury, as partners under the firm name of Lewis & Shrewsbury, on the 3d day of January, 1843; by the said John D. Lewis, on said 3d day of January, 1843, the 20th day of October, 1868, and on the 22d day of November, 1855. It is not deemed necessary to set forth the names of all the respondents; and, in the view which this Court took, it is not necessary to further state the facts as they appear in the record.

The Hon. James W. Hoge, judge of said circuit court, presided at the hearing below.

*William H. Hogeman*, for the appellant.

*Smith & Knight*, for the appellees.

HAYMOND, PRESIDENT:

In this case the plaintiff William Dickinson filed a · bill and supplemental bill against defendant John D.

---

a judgment or decree is liable to be reversed or amended, on motion as aforesaid, by the court which rendered it, or the judge thereof, until such motion be made and overruled in whole or in part. And when an appellate court hears a case wherein an appeal, writ of error, or *supersedeas* has been allowed, if it appear that either before or since the same was allowed, the judgment or decree has been so amended, the appellate court shall affirm the judgment or decree, unless there be other error; and if it appear that the amendment ought to be and has not been made, the appellate court may make such amendment, and affirm in like manner the judgment or decree, unless there be other error."

1874.
June Term.

Dickinson,
Exor.,
v.
Lewis.

Lewis, and a number of other persons, trust creditors of said Lewis, defendant. John D. Lewis is a resident defendant and is proceeded against as such—Some of the other defendants are residents of the State and proceeded against as such, and some of the defendants are non-residents of the State and are proceeded against as such.

The first decree in the cause was made by the circuit court of Kanawha county, on the 13th day of October, 1866, at which time the cause was heard upon the complainants bill and supplemental bill and exhibits and taken as for confessed as to the defendant John D. Lewis (the appellant) and other defendants, in the decree named, upon whom process had been served, personally, and upon publication as to the non-resident defendants. The decree, then made in the cause, is a decree of reference to a commissioner to ascertain and report the nature and amount of plaintiff's claim, the real estate of said Lewis, the liens thereon, the amount and priorities thereof, &c.

The next decree made in the cause by the circuit court was on the 16th day of September, 1868, when it appears the cause was heard on the bills and exhibits, the former decree made in the cause, and upon the report of the commissioner made to the court, asking for certain instructions and stating the matters required by said decree; and the cause was then referred to William H. Hogeman, in lieu of the former commissioner, who was relieved at his own request, to ascertain and report certain matters stated in the decree and giving certain directions stated in the decree then made.

The next decree in the cause was made on the 7th day of July, 1870, by which it appears that the cause was heard on the bills, and all the papers theretofore read and the report and supplemental report of special commissioner Hogeman. And there being no exceptions to the reports, the court, by its decree, confirmed the report of special commissioner Hogeman, as amended and corrected by his supplemental report, and decreed the sale of lands of defendant Lewis to pay certain debts of said

Lewis, and appointed special commissioners for that purpose with directions to them to make the sale upon the terms in the decree stated, and to report their proceedings to the court.

From these orders and decrees an appeal has been allowed the said Lewis to this Court, upon his petition and assignment of errors,—no other orders and decrees having been made in the cause.

Defendant Lewis, though personally served with process in the cause, never appeared thereto or filed any answer therein, and no exceptions were filed to the reports of the commissioner by Lewis or any other person.

The fifth section of chapter one hundred and thirty-four of the Code of this State, provides that the court in which there is a judgment or decree on a bill taken for confessed, or the judge of said court in the vacation thereof, may on motion, reverse such judgment or decree for any error for which an appellate court might reverse it, if the following section was not enacted, and give such judgment as ought to be given.

And the sixth section of the same chapter of the Code, provides that no appeal, writ of error or *supersedeas*, shall be allowed or entertained by an appellate court, or judge, for any matter for which a judgment or decree is liable to be reversed or amended, on motion as aforesaid, by the court which rendered it, or the judge thereof, until such motion be made and overruled, in whole or in part,

All the decrees in this cause were clearly made on bill taken for confessed, as to said Lewis, and it does not appear by the record, that he, or any other person, has made the motion to reverse said decrees, or any part of them, required by the said fifth and sixth sections. Under this condition of the case it is clear that this Court has not now any jurisdiction or authority to entertain the appeal allowed the said Lewis, in this case, and the appeal was improvidently allowed.—See *Davis, Sheriff v. The Commonwealth*, 16 Gratt., 136, and 21 Gratt., 107, as to judgments by default.

For these reasons, the appeal and *supersedeas*, allowed in this cause, must be dismissed, as being improvidently allowed, and the appellees recover against the appellant their costs in this Court expended.

Paull and Moore, Judges, concurred.

Absent, Hoffman, Judge.

APPEAL DISMISSED AS IMPROVIDENTLY ALLOWED.