**Charlestown.**

GATES & BRO. *v.* CRAGG *et al.*

Decided September 10, 1877.

1. It is error to decree the sale of land on terms, which make the payments fall due more rapidily than the installments of the debt, for which it is sold, become payable.

2. When a demurrer to a bill has been overruled, and the defendants fail thereafter to answer the bill on the day specified by the court in its order dissolving the injunction, and a decree is thereupon entered under §30 of ch. 125 of Code of W. Va., for the relief prayed for in the bill, such a decree cannot be reversed or corrected by the circuit court, on motion, under the 5th section of ch. 134 of the Code of W. Va., as a decree taken for confessed.

Appeal from, and *supersedeas* to, two decrees of the circuit court of Kanawha county, rendered respectively on the 18th and 21st days of December 1876, in a cause in chancery in said court then pending, in which J. M. Gates & Bro. were plaintiffs, and Edward Cragg and James E. Smoot were defendants, allowed upon the petition of said defendants.

Hon. Joseph Smith, Judge of the seventh judicial circuit, rendered the decrees complained of.

GREEN, PRESIDENT, furnishes the following statement of the case:

In May 1876, James M. Gates and George W. Gates, partners in trade, under the firm name of James M. Gates & Brother, filed, in the circuit court of Kanawha county their bill against Edward Cragg and James E. Smoot.

The plaintiffs in their bill allege, that on January 20,
1874, they sold and conveyed to the defendants a lot, in
the city of Charleston, in said county, fronting twenty
feet two and one-half inches on Summer street, and
running back sixty feet, covered by a frame store building,
for $3,600.00, to be paid as follows: $50.00 a month for
twelve months, and the balance in four equal installments
of $750.00 each; payable in two, three, four, and five
years, respectively, from the day of sale; evidenced by
notes, payable to the plaintiffs, filed with the bill; and
that the plaintiffs, on the face of the deed made to the
defendants, reserved a lien on the property conveyed to
secure the entire purchase money, as appeared from the
deed, duly recorded, an attested copy of which was filed
as an exhibit with the bill, which deed was executed by
George W. Gates and James M. Gates and his wife Vir-
ginia Gates. The plaintiffs further alleged, that each of the
$50.00 installments had been paid, but that the first of the
$750.00 notes, which was due, had not been paid, and
no other part of the purchase money. And they prayed
that said property may be decreed to be sold, to pay and
satisfy said purchase money remaining unpaid, and for
general relief. On December 18, 1876, the defend-
ants filed a demurrer in writing to this bill, which
alleged as a ground of demurrer, that the prayer of the
bill asked relief against the defendants on notes, which
were not yet due. The demurrer was forthwith argued
and overruled, and the defendants still failing to answer,
on motion of the plaintiffs a rule was awarded against
the defendants to answer the bill, on the 21st of Decem-
ber 1876. And on that day the defendants still failing
to answer the bill, the court being of the opinion, that
the plaintiffs were entitled to the relief asked in the bill,
and that the amount of the purchase money due was
$791.25, and that there will be due of said purchase
money $750.00 on January 20, 1877; $750.00 on Jan-
uary 20, 1878, and $750.00 on January 20, 1879; de-
creed: that the defendants do pay, within thirty days

1877.
August Term.

Gates & Bro.
v.
Oragg *et al.*

from the rising of the court, said sum of $791.25, with legal interest thereon from the date of the decree, and the costs of this suit, including attorney fee of $25.00. And on their failure so to do, H. C. McWhorter was appointed a special commissioner to sell the property named in the bill, at public auction, after first giving notice of the time and place of the sale by publication in some newspaper, printed in Charleston, four successive weeks. The terms of sale should be one-third in cash, and the remainder in three equal payments at six, twelve and eighteen months, with interest from day of sale; the purchaser giving his notes with personal security; and the legal title to be reserved for further security. The penalty of the bond to be given by the commissioner was fixed at $1,000.00 ; and leave was given the plaintiff to thereafter have any further decree for the purchase money not yet due, to which they might be entitled.

From the order of the court overruling the demurrer, as well as from this decree, an appeal and *supersedeas* has been allowed.

*Laidley & Hogeman,* for appellants, referred to the following authorities:

Story's Eq. Pl., §§76 (*b*), 160, 521, 526, 528 ; 2 Rob. Pr. (old) 262; 1 Wash. 38; 4 W. Va. 531 ; 4 W. Va. 186; 2 Gratt. 44; 3 Munf. 29; 10 W. Va. 1; 10 W. Va. 59; 3 Gratt. 4; 15 Pick. 409; 9 W. Va. 339; 2 W. Va. 502.

*C. E. Doddridge,* for appellants, cited the following authorities in addition to those referred to by *Laidley & Hogeman :*

1 L. Cases Eq. (H. & W.) 274-5-6 ; 19 Gratt. 120.

*Smith & Knight* and *McWhorter,* for appellees, referred to the following authorities:

Code W. Va. ch. 125, §36; 7 W. Va. 673.

Opinion of the Court by GREEN, PRESIDENT:

1877.
August Term.

Gates & Bro.
v.
Cragg et al.

The errors assigned by the appellants' counsel, in this case, with a single exception, are so frivolous as to be unworthy of serious consideration. The alleged faults in the bill, for which it is contended the demurrer should have been sustained, are, that it alleges that James M. Gates and George W. Gates, partners under the name of James M. Gates & Bro., sold and conveyed the lot to the defendants, while the exhibit filed with the bill shows that the lot was conveyed by George W. Gates and James M. Gates and Virginia, his wife, individually. If the lot belonged to James M. Gates & Bro., as alleged in the bill, the conveyance would necessarily be by them individually, as a partnership cannot execute a sealed instrument ; and the uniting in the deed, by the wife of James M. Gates, could only be to release her contingent right of dower. The deed and allegation of the bill are therefore perfectly consistent. It is objected also to the bill, that the plaintiffs reserved by the deed a lien upon the property conveyed, not to themselves as partners, but to themselves and Virginia Gates, individually, as grantors in the deed. This lien must have been reserved to the complainants, the grantors in the deed, to whom the notes for the purchase money were made payable, and not to them and Virginia Gates, the wife of one of the grantors, as she only united in the deed to release her contingent right of dower, and not to convey the land.

Another fault alleged to have existed in the bill is, that its allegations are vague and uncertain ; but I find no such vagueness. It is also urged, that Virginia Gates ought to have been made a defendant. Why should she be made a defendant ? The object of the suit is to enforce the payment of notes for the purchase money, given by the defendants to James M. Gates & Bro.; and she has, from the allegations of the bill, no possible interest in the enforcement of the payment of these notes. And lastly, it is said that the bill should have been dismissed on demurrer, because it prayed for the sale of the lot, to

pay the whole purchase money, though some of it was not yet due. This would have been no ground for demurrer, even had it appeared by the bill that the property was capable of division; for under the general prayer for relief, so much of it could have been sold, as was necessary to pay the purchase money then due, as such relief would have been entirely consistent with the special prayer of the bill. But the bill showed on its face, that the whole lot would have to be sold together, as it stated, that the property consisted of a store house and the ground on which it stood; and this is also a perfect answer to the objection to the decree, that the whole lot was ordered to be sold.

Again, it is insisted that the court erred in awarding, when it overruled the demurrer, a rule against the defendants to answer the bill in three days; and that a greater time should have been allowed. The time to be allowed is within the discretion of the court; and as the defendants did not object to the time allowed them, and did not subsequently ask any extension of the time, they can not now complain that it was insufficient. They complain too that the rule to answer was not served on them. Why serve it on them, when they were already in court, and necessarily cognizant of the order requiring answers to be filed? It is also urged, that the decree was erroneous, in not naming the place of sale. The effect was to leave it discretionary with the commissioner of sale to select the place; if he had exercised this discretion injuriously to the appellants, they might for such reason have resisted the confirmation of the sale; otherwise they would have no ground of complaint. It would therefore have been prudent in the court to have named a place of sale; but its failure so to do is not an error prejudicial to the appellants, for which they could ask that the decree be reversed.

Having disposed of these alleged errors, which I regard as frivolous, I will consider the only remaining error; it is, that by the decree of the court the last pay-

ment on the property when sold, might become due some five months before the last installment of the purchase money due the complainants would be due. The decree in this respect was erroneous; for it is error in any case to decree the sale of land on terms, which make the payments fall due more rapidly than the installments of the debt, for which it is sold, are payable. It is true that the payments in this case fall due but a few months before the installments of the purchase money; and therefore but little injury probably would be sustained by the appellants from the commission of this error. But it is obvious that their interest required, that as long credits should be given on the sale of their property, as could be given consistently with the rights of the plaintiffs, and that the court in failing to give such credits committed an error to their prejudice.

It is insisted however by the appellees, that this error should have been corrected on motion by the circuit court, under the 5th section of chapter 134 of the code of W. Va., p. 637, and that as no such motion was made, the 6th section of said act forbids an appeal to this Court. This 5th section provides that such correction, on motion, can be made, only when the bill is taken for confessed. But this bill was not taken for confessed, the demurrer having been filed by the defendants and overruled. The 44th section of chapter 125 of Code of W. Va., p. 606, shows that a bill is taken for confessed, when a decree is entered against the defendant, because of his failure to appear in the cause. If he appears and files a demurrer, as in this case, no decree can be taken against him as on the bill taken for confessed. Formerly on the overruling of the demurrer the court would have rendered a decree against him at once; now by the 30th section of chapter 135 of Code of W. Va., p. 603, instead of entering up the decree at once, there is a rule on the defendant to answer the bill; and if he fail to appear and answer the bill on the day, specified in the order of the court, the plaintiff is en-

titled to precisely the same decree against him, as he formerly was entitled to, at the time the demurrer was overruled. This decree is not on the bill taken for confessed, and could not therefore, if erroneous, be corrected by the court below on motion, but only by the appellate court, when it is a decree from which an appeal lay. The law permitting the correction of errors in the court below on motion, makes clearly a distinction between decrees on bills taken for confessed by the failure of the defendants to appear and defend themselves, and decrees based on the confession of the facts alleged in the bill by a demurrer. In the latter case, the defendants having appeared and made a defense in the court below, any error of the court in a final decree, made on overruling a demurrer, can only be corrected in the appellate court. The spirit of the law is, to permit parties to ask the court below to correct errors, where there has been no appearance by the defendants, because the court is supposed in such a case, to be peculiarly liable to commit errors, there being only one party before the court. If however the defendants have appeared and made defense, whether by demurrer, plea or answer, the final decree of the court can only be corrected, if erroneous, by the appellate court, for in such case the reason for allowing the correction of errors by motion in the court below does not exist. See *Dickenson's ex'r* v. *Lewis*, 7 W. Va. 673; *Davis sheriff* v. *The Commonwealth*, 16 Gratt. 134; *Goolsby et al.* v. *Strother, comm'r* 21 Gratt., 107.

The decree of the circuit court of December 21, 1876, must therefore be reversed and annulled, and the appellants must recover of the appellees their costs, in this Court expended; and the cause must be remanded to the circuit court of Kanawha county, with directions that it be proceeded with according to the principles laid down in this opinion, and the rules governing courts of equity in such cases.

DECREE of December 21, 1876, REVERSED and cause remanded.