# CHARLESTON.

## FERRELL v. CAMDEN *et al.*

### Decided March 16, 1901.

SPECIFIC PERFORMANCE—*Decree—Appeal.*

> F. brought his suit in equity for specific performance of the following contract: "Received of F. four thousand dollars, and he is to have all the lands owned by me in Webster County, West Virginia, and unsold at this date. As soon as I am well enough to do so, will make deeds, or have it done, and send to you. (Signed) G. D. C., per Mrs. C.,"—against the administrator with will annexed of G. D. C., Mrs. C. the widow, and the heirs at law G. D. C., deceased, naming them, and D. and C., trustees, to whom the said widow and heirs at law had conveyed the legal title to all the real estate of which the said G. D. C. died seized; the prayer of the bill being that the said trustees and heirs at law be required to convey to plaintiff the said lands, which were fully described in the bill, and, if the contract could not be specifically enforced, that plaintiff have a decree against the estate for the four thousand dollars and interest. The widow filed her answer and disclaimer, the administrator answered the bill, and the bill was taken for confessed as to said trustees and heirs at law. Upon the bill taken

for confessed, a decree was entered requiring said trustees and heirs at law to convey to plaintiff the lands described in the bill. The administrator and heirs at law appealed from said decree. *Held*, that the rights of the administrator, as personal representative, were not affected by said decree; that the same having been rendered upon bill taken for confessed against all the parties whose interest were affected by said decree, and they having failed to move to have the same reversed or corrected in the court rendering the decree, as provided in sction 5, chapter 134, Code, said appeal cannot be entertained in the appellate court (see section 6, chapter 134, Code), and must be dismissed. (p. 230).

Appeal from Circuit Court, Webster County.

Bill by R. C. Ferrell against M. H. Camden and others. Decree for complainant, and defendants appeal.

*Dismissed.*

LYNN & BYRNE, for appellants.

MOLLOHAN, MCCLINTIC & MATTHEWS, for appellee.

MCWHORTER, JUDGE:

On the 21st day of February, 1895, R. C. Ferrell instituted his suit in equity in the circuit court of Webster County against Myra H. Camden, widow and devisee of Gideon D. Camden, deceased, Martha M. Sommers, Robert M. Ramsburg, Dora E. Ramsburg, Mary S. Boggess and William L. Camden, children, grand children and heirs at law of said decedent, John J. Davis and Thomas B. Camden, trustees, and Charles W. Lynch, administrator *de bonis non* with the will annexed of Gideon D. Camden, deceased, to enforce the specific performance of a contract made by said Gideon D. Camden in his lifetime, to convey to plaintiff certain real estate in Webster County, consisting of eleven tracts and parts of tracts of lands containing in the aggregate one thousand four hundred and twenty-four and one-half acres, plaintiff's bill alleging that he had for about twenty years prior to the date of the contract on which his suit is based been the agent of said Gideon D. Camden, attending to his extensive real estate interests in Webster County, paying taxes, looking after the delinquency of said lands, having proper transfers made of portions thereof sold by plaintiff for Camden, paying his own and incidental expenses incurred; negotiating sales, collecting the purchase money from the purchasers, disbursing and paying over the same and the whole of it, as directed by said Camden;

having surveying done and often paying the expenses therefor out of his individual funds which had never been repaid; giving Camden's business a great portion of plaintiff's time for a period of twenty years; that Camden time and again during the continuance of said term of service promised and agreed to plaintiff that he would settle with him and allow him a fair and just compensation for his services; that it was the agreement, understanding and contract between them that plaintiff should receive a portion of said lands as a compensation and payment for his said services and expenses and that said Camden would make proper conveyances for the amount of land so agreed upon by them; that in the winter of 1890, he having sold the greater portion of the lands and collected the purchase money therefor, and desiring that there should be a final settlement and adjustment of all transactions in reference thereto, that deeds and conveyances be made for the portions of land so sold to those entitled thereto, to such as had not been theretofore conveyed, and that plaintiff and Camden should have a settlement for and concerning his said services and receive conveyances for that portion of the lands which he was to receive for his services; that on the — day of November, 1890, he went to the home of said Camden at Clarksburg, West Virginia, and had a final, full and complete settlement of and concerning all the said matters and transactions and plaintiff at that time accounted for and paid over all moneys received by him on the sale of lands and Camden made conveyances for what portions that had not theretofore been conveyed to the parties entitled thereto, and said Camden and plaintiff then and there settled and agreed upon the compensation to be received by plaintiff for his services and expenses and money paid out for said Camden, the sum of four thousand dollars, and for which sum he was to receive all the unsold lands for said Camden at that date in Webster County, and said agreement was on the — day of February, 1891, reduced to writing and signed by said Camden as shown by the following memorandum, to-wit: "Received of R. C. Ferrell four thousand dollars, and he is to have all the lands owned by me in Webster County, West Virginia, and unsold at this date. As soon as I am well enough to do so will make deeds, or have it done and sent to you.

"Feb. 1st, 1891.          G. D. CAMDEN, *per Mrs. Camden,*"

and exhibited said agreement with his bill; alleging that at the date of said contract Camden was the owner of eleven tracts of land which were included in plaintiff's said purchase, and filed with his bill a plat of said lands, showing the boundaries of said several parcels of land aggregating one thousand four hundred and twenty-four and one-half acres, made up of the scraps remaining after sales had been made and the less valuable of the whole survey, the most valuable portions having been sold off and conveyed prior to plaintiff's purchase; that the price paid by plaintiff was fair and adequate, and the full value thereof and at the time was more than the lands could probably have been sold for under any other negotiations; that he had never received one cent for his services, and that said land was to be in payment therefor, that said four thousand dollars had never been paid to plaintiff, or any part thereof, nor had the lands been conveyed to him or any part thereof, according to said contract. That Camden died, leaving a will devising the material part of his estate to his wife Myra H. Camden, the probate of the will was contested, and a compromise entered into by a deed being executed by all the parties conveying all the real estate to John J. Davis and T. B. Camden, trustees, with power to sell and dispose of the lands of which Cadmen died seized; that he believes if Camden had lived he would have conveyed to plaintiff the lands as he agreed, and still believes those empowered and entitled to make him the conveyances for said lands would do so, they well knowing his equities, and alleging that the trustees Davis and Camden have the right and power to make the proper conveyances to plaintiff under said contract. And prays for the specific enforcement of the contract, that the defendants be compelled and required to make proper conveyances of said lands to plaintiffs, and in case specific execution should not be decreed, then plaintiff asks that he be decreed the sum of four thousand dollars, the purchase price paid, with interest and for general relief. The defendant, Myra H. Camden, filed her answer and disclaimer to said bill, disclaiming all right, title or interest in or to the subject matter of the suit in the bill set forth or any part of it, or any right, title or interest to or in the estate and premises mentioned in said bill and every part thereof, and exhibits with her disclaimer the deed of compromise of September 12, 1891, divesting her of all right, title and interest in the lands mentioned in the bill, unless the same should thereafter be conveyed

to her as specified in said deed. Defendants Martha M. Sommers, R. M. Ramsburg, Dora E. Ramsburg, Mary G. Boggess and Wilson L. Camden tendered their special replication to the disclaimer of said Myra H. Camden, to which plaintiff excepted for the reasons: (1) that said paper contains no proper matter for a special replication; (2) the said paper contains no proper objection to the filing of the disclaimer of Myra H. Camden; (3) that it contains no matter except what is in its nature matter of evidence; and objected to the filing thereof. On the 6th day of April, 1897, the cause was heard upon "plaintiff's bill taken for confessed as to the adult defendants, John J. Davis and Thomas B. Camden, trustees, Martha M. Sommers, Mary G. Boggess (now Parr), and Wilson Lee Camden, upon the answer of C. W. Lynch, administrator, etc., with general replication thereto, upon service of process duly published and posted as to the defendants Robert M. Ramsburg and Dora E. Ramsburg, the disclaimer of the defendant Myra H. Camden, depositions of witnesses, including the deposition of the defendant Myra H. Camden, which deposition the court permits to be read upon the hearing with effect as if an order had been passed herein prior to the taking of the same, and upon exhibits filed with depositions and plaintiff's bill, and defendant Lynch's answer, upon former orders and decrees herein entered and upon objections to the special replication of the defendants Martha M. Sommers, R. M. Ramsburg, Dora E. Ramsburg, Mary R. Boggess and Wilson Lee Camden, which said special reply tendered to the disclaimer of the defendant, Myra H. Camden, and was argued by counsel. Upon consideration whereof the court being of opinion that said special replication should not be permitted to be filed, doth adjudge the same; and the court being of the further opinion that the contract between the decedent, G. D. Camden, and the plaintiff R. C. Ferrell, dated February. 1, 1891, should be specifically enforced in plaintiff's favor, doth therefore adjudge, order and decree that the defendants, Martha M. Sommers, Robert M. Ramsburg, Dora E. Ramsburg, Mary G. Parr, Wilson Lee Camden and T. B. Camden and John J. Davis, trustees, do execute, acknowledge and deliver to the plaintiff a deed of general warranty, conveying to him the following real estate mentioned and described and for which this suit was instituted," and setting out the lands by metes and bounds as described in the bill and exhibits, and ap-

pointing commissioners to make such conveyance in case of failure of defendants to do so within thirty days from the date of the decree. The defendants C. W. Lynch, administrator, etc., Martha M. Sommers, R. M. Ramsburg, Dora E. Ramsburg, Mary G. Boggess and Wilson L. Camden appealed from said decree, setting forth some nine assignments of error. The first question which presents itself is, can this appeal be entertained? Was it not improperly awarded? Section 5, chapter 134, Code, provides that "The court in which there is a judgment by default, or a decree on a bill taken for confessed, or the judge of said court in the vacation thereof, may, on motion, reverse such judgment or decree, for any error for which an appellate court might reverse it, if the following section was not enacted, and give such judgment or decree as ought to be given. * * * * ·Every. motion under this chapter shall be after reasonable notice to the opposite party, his agent or attorney in fact or at law, and shall be within five years from the date of the judgment or decree." And section 6 of same chapter provides, "No appeal, writ of error, or *supersedeas,* shall be allowed or entertained by an appellate court or judge, for any matter for which a judgment or decree is liable to be reversed or amended, on motion as aforesaid, by the court which rendered it, or the judge thereof, until such motion be made and overruled in whole or in part." In *Dickinson* v. *Lewis,* 7 W. Va. 673, it is held, "When a party obtains an appeal and *supersedeas* to decrees of a circuit court, rendered upon bill taken for confessed as to him, before applying to the court in which the decree was rendered, or the judge thereof in vacation, to reverse or amend the errors of which he complains, his appeal and *supersedeas* will be dismissed as improvidently allowed." In *Hartly & Co.* v. *Roffe,* 12 W. Va. 401, it is held, that "when a creditor's bill is brought to sell lands of the debtor and defendant fails to answer or plead and decrees in the cause are made and entered on bill taken for confessed, but the defendant appears and files exceptions to the report of sales by the commissioner of the court, and the court overrules the exceptions to such report of sales, the appellate court will consider and determine the appeal and *supersedeas* of the debtor as to so much of the action of the court, as relates to said exceptions and the overruling thereof, but will generally dismiss the appeal and *supersedeas* as improperly allowed as to other decrees in the cause and parts thereof, which were made, and rendered

on bill taken for confessed, the appellant not having applied to the circuit court, or the judge thereof in vacation, to reverse or correct the same according to the provisions of the fifth section of chapter 134 of the Code, before applying for and obtaining the appeal and *supersedeas* as to such decrees and parts thereof, as were made on bill taken for confessed." *Beaty* v. *Veon,* 18 W. Va. 291; *Smith* v. *Knight,* 14 W. Va. 749; *Adamson* v. *Peerce,* 20 W. Va. 59. In case at bar there was no appearance to the bill except the defendant, C. W. Lynch, administrator of G. D. Camden, deceased, who filed his answer and the defendant Myra H. Camden, who appeared and filed her disclaimer. The bill was taken for confessed as to the heirs at law and the trustees, they being all the parties interested in the lands sought by plaintiff to have conveyed to him. The decree is not to the prejudice, nor does it in any way affect the rights of Lynch, the administrator. The prayer of the bill is in the alternative, first for the specific performance of the contract by the conveyance of the land to plaintiff, and if the court should hold that it could not be enforced, then for a decree against the estate of G. D. Camden for the consideration mentioned in the contract with interest. If the court had held that the contract could not be specifically enforced, and had held the estate liable for the amount, the interests of the administrator would have been affected, and he could have maintained an appeal. The decree being for specific performance of the contract, the trustees and heirs at law, sole holders and owners of the legal and equitable title of the property decreed to be conveyed are the only parties affected by the decree; and as to each and all of them the decree was entered upon bill taken for confessed this Court has no discretion in the matter, it being a case coming clearly within the purview of sections 5 and 6, chapter 134, Code. The appeal and *supersedeas* must be dismissed at the costs of the appellants. *W. M. & M. Co.* v. *Baker & others,* 6 W. Va. 196; *Davis, sheriff* v. *Commonwealth,* 16 Grat. 134.

*Dismissed.*