# CHARLESTON

## WARE, TRUSTEE, v. HEWETT.

### Submitted June 17, 1907.   Decided November 26, 1907.

1. DEED OF TRUST—*Foreclosure—Right to Sue in Equity—Trust Deeds.*
   The mere existence of a prior lien on land reserved in a deed conveying legal title, does not give the trustee, who has legal title, jurisdiction in equity to enforce the trust by sale under decree, unless there is doubt or controversy or uncertainty as to the validity or amount of such lien, or some circumstance constituting an impediment to a fair and advantageous sale, likely to cause sacrifice of the property if sold under the deed of trust. (pp. 48, 49 )

2. SAME—*Foreclosure—Decree of Sale.*
   It is error to decree land to sale making payments of the sale price fall due sooner than the installments of the debt for which it is decreed to sale become payable by their terms.   (p. 50.)

3. SAME.
   It is error to combine principal and interest of several notes given for a debt, payable at different times, into a new principal and decree its payment with interest from the date of the decree, when some of the notes have not matured at that date.   (p. 50.)

Appeal from Circuit Court, Barbour County.

Bill by J. Blackburn Ware against Ida B. Hewett and others. Decree for plaintiff, and defendant Hewett appeals.

*Reversed.   Remanded.*

W. T. GEORGE, for appellant.

BRANNON, JUDGE: .

J. Blackburn Ware, as trustee, filed a bill in equity in Barbour county against Ida B. Hewett and others stating that Ida B. Hewett and her husband had executed a deed of trust conveying to Ware certain real estate to secure a debt to Behr Bros. & Company, and that there existed a number of judgments constituting liens on the land subsequent in date to the deed of trust; and stating that in a deed from F. P. Rease and wife to Ida B. Hewett, by which she derived the land conveyed in the deed of trust, there was reserved in favor of Rease a vendor's lien for $2,450, which was to be paid according to eleven promissory notes mentioned in the deed from Rease. The bill also states that Ida B. Hewett owned another small parcel of land not conveyed in the deed of trust. The bill asks that the debts be ascertained, and that the real estate be sold to satisfy the vendor's lien, the deed of trust debt and the said judgment. The case was referred to a commissioner to report the land of Ida B. Hewett and the liens thereon. The commissioner filed a report of the debts and their priorities. The court made a decree subjecting to sale both said parcels of real estate to pay the vendor's lien, the deed of trust lien and divers judgments. On the next day after the entry of this decree Ida B. Hewett went into court and offered her written demurrer to the bill, and moved the court upon the filing of the demurrer to set aside the decree entered on the day before. The court entertained the demurrer, but overruled it, and overruled the motion to set aside the decree. Ida B. Hewett asked leave for a day to file an answer; but the court denied her such leave.

It seems immaterial to raise the question whether the demurrer came too late, because, first, the court did receive and act on the demurrer; and if that be not a good reason, then the motion to set aside the decree for error therein would call upon us to consider that decree, and thus look at the bill. Therefore, the first question arising, not only, on that demurrer, but on the motion to reverse the decree, is whether the bill shows a rightful jurisdiction in equity

for it. Has the trustee right to file this bill? A full discussion of the right of a trustee under a deed of trust to go into equity to enforce the deed of trust is to be found in the opinion by JUDGE POFFENBARGER in the case of *George, Trustee,* v. *Zinn,* 57 W. Va. 15. By that case the mere fact that there is a prior lien to that of a deed of trust will not confer equity jurisdiction to entertain a suit by a trustee to enforce the trust. There must be uncertainty as to the validity or amount due under the trust or under the prior lien. A controversy as to the amount or some other impediment to a favorable sale under a deed of trust. I suppose that if the legal title be outstanding under a prior deed of trust, so that a sale under a second deed of trust would not pass legal title, the trustee can go into equity, bringing in the parties to the first deed of trust, and have a decree binding all so as to pass legal title, and that he ought not to sell without such decree. *Rossett* v. *Fisher,* 11 Grat. 492. But in this case the legal title was in Ware, and the prior vendor's lien was only a lien. Sale could be made subject to it. In the case of a deed of trust the parties have chosen their own remedy, and it should be used, and costs of a chancery proceeding avoided, unless there is some valid legal obstacle in the way tending to prevent a sale without sacrifice. The only suggestion in this bill to justify an equity suit is that the plaintiff was not advised and could not say when any of the notes given to Rease for purchase money would mature, nor could he state the amount of the notes, but that he was advised that there yet remained unpaid the greater part of the money due thereby, and that part of it was then due, but the plaintiff could not say when the residue would become due, nor state the exact amount unpaid, and that he could not safely sell under the trust because the title was incumbered by such prior and subsequent incumbrances, and was therefore compelled to go into equity and ask the direction and advice of the court as to the manner in which the sale should be made and the funds arising thereby distributed. I may remark that the deed from Rease, though it stated that the purchase money was $2,500, of which $50 was paid in cash, did not state the respective amounts of the promissory notes or when payable. These statements constitute the only excuse.

for going into equity. Now, there is not a suggestion that there was any dispute as to the amount of the prior lien, or as to its validity; no suggestion that the trustee could not ascertain from the parties the amount of the debt or whether there was any dispute about it, and when the debt was payable. Not the slightest controversy in these respects appears from the bill. Thus no solid ground for equity jurisdiction is shown by the bill. For that reason the decree should have been set aside. Of course, these subsequent judgment liens could not give equity jurisdiction for the case. A sale under the trust would pass good title over those judgments.

The decree was for the whole of the vendor's lien debt to Rease, requiring sale for non-payment, when it appeared from the commissioner's report that only a part of the debt was due at the date of the decree. The decree was on the terms of sale of half cash and the balance in twelve months, when a part of the debt would not mature until after such twelve months. The case of *Gates & Bros.* v. *Cragg*, 11 W. Va. 300, holds, that it is error to decree a sale of land on terms making the payments fall due more rapidly than the installments of the debt become payable. Such a decree departs from the terms of the contract.

The court combined the principal and interest of this Rease debt into a new principal at the date of the decree, making interest bear interest from the decree, when some of the notes were not yet payable.

Our Code, chapter 131, section 16, allows aggregation of principal and interest of a past due debt, but not on notes or installments not yet matured and payable. Where one or more notes are matured, others not, a decree can be made aggregating principal and interest of the note or notes past due, and selling land for non-payment; but other notes not mature cannot go into that sum. A lien may be declared for them, and in a future decree, when they have become due, provision be made for their payment, and the case retained for that purpose.

Another objection to the decree is that it sells, not only the land conveyed by the deed of trust, but also land not covered by the deed of trust, to pay the judgments. This is

not a suit to enforce judgment liens, but simply a suit to enforce a deed of trust.

For these reasons we must reverse the decree and remand the case to the circuit court with leave to the plaintiff to amend his bill, if he shall be so advised.

*Reversed.    Remanded.*