# CHARLESTON.

JOHN Y. HITE v. MARY J. DONNALLY *et als.*

Submitted February 17, 1920.    Decided March 2, 1920.

1.  MORTGAGES—*Existence of Prior Liens Does Not Entitle Mort-
    gagee to Resort to Equity to Enforce His Lien.*

    The existence of prior liens upon a piece of real estate will
    not of itself justify a party secured by a deed of trust thereon
    in resorting to a court of equity for the enforcement of his
    lien.  In order to justify such resort on account of such prior
    liens it must be shown that there is some controversy as to
    their validity or uncertainty or dispute as to the amount
    thereof.   (p. 643).

2.  SAME—*Mortgagee Cannot Enforce His Lien in Equity Where
    Prior Liens are Certain and Undisputed.*

    One secured by a deed of trust conveying real estate to a
    trustee may not resort to a court of equity for the enforcement
    of his lien because of the existence of a prior deed of trust
    upon such real estate, where the amount secured by such prior
    deed of trust is certain, definite and undisputed, and there is
    no controversy as to the validity thereof.   (p. 643).

3.  SAME—*Mortgagee Cannot Enforce His Lien in Equity Where
    Prior Liens Have Been Discharged.*

    One secured by a deed of trust conveying property to a
    trustee may not resort to a court of equity for the enforce-
    ment of his lien because of the existence of a prior deed of
    trust upon such real estate which has been fully paid off
    and discharged, and there is no controversy as to this fact.
    p. 644).

Appeal from Circuit Court, Marion County.

Consolidated action by John Y. Hite against Mary J. Don-
nally and others.   Judgment for plaintiff on demurrer, and de-
fendants appeal.

*Reversed and remanded.*

*Showalter & Frame* and *S. H. Butcher,* for appellants.
*Trevy Nutter* and *W. S. Meredith,* for appellee.

RITZ, JUDGE:

This appeal is prosecuted to review a decree of the circuit
court of Marion county in the consolidated chancery causes of

John Y. Hite v. Mary J. Donnally, et als, and the said John Y. Hite v. Alfred H. Donnally, et als, providing for the sale of the real estate of the defendants Donnallys.

The bill in the case of Mary J. Donnally, et als, alleges that the defendant Mary J. Donnally, her husband uniting therein, on the 9th day of September, 1911, executed a deed of trust to W. Scott Meredith, Trustee, granting and conveying certain real estate, referred to and described in the bill, in trust to secure the payment of a certain promissory note, bearing even date with the said deed of trust, executed to the said John Y. Hite by the said Alfred H. Donnally and Mary J. Donnally for the sum of $7,000.00, and due at five years from its date, with interest thereon, payable semi-annually; that prior to the execution of this deed of trust the said Mary J. Donnally had executed a deed of trust conveying said parcel of land to Michael Powell, Trustee, to secure to Josephine A. Skinner a debt of $1500.00, which debt is still a subsisting lien upon said real estate; that subsequent to the execution of the deed of trust to secure the plaintiff, to-wit, on the 11th day of November, 1912, said Mary J. Donnally conveyed said real estate to John G. Pritchard, Trustee, to secure to Charles R. Donnally a debt of $650.00. The bill then alleges that it is necessary to have the intervention of a court of equity in order to fairly administer the trust because of the prior lien upon the property in favor of Josephine A. Skinner, and the subsequent lien thereon in favor of Charles R. Donnally, and avers that the land will not bring an adequate price unless the amounts of these liens are ascertained and decreed in advance of a sale, and prays that the cause be referred to a commissioner for the purpose of ascertaining the amounts of said liens, and that when such amounts are ascertained a sale be ordered in satisfaction thereof. The demurrer of the defendant Mary J. Donnally to this bill was overruled.

The bill in the second case, which is against Alfred H. Donnally, et als, avers that the said Alfred H. Donnally, his wife uniting therein, on the 9th of September, 1911, conveyed a certain parcel of land owned by him, and which lies adjacent to the parcel of land owned by his wife, which was conveyed in the deed of trust referred to above, to the defendant W. S. Meredith, Trustee, to secure unto the plaintiff John Y. Hite the

sum of $7,000.00 which is the same $7,000.00 secured by the deed of trust executed by Mary J. Donnally referred to above; that prior to the execution of this deed of trust, to-wit, on the 8th of January, 1907, the said Alfred H. Donnally had conveyed this tract of land to one William B. Cornwell, Trustee, to idemnify and save harmless certain parties as endorsers on nine certain notes; that said notes have been fully paid off and discharged, and that said lien has been released by all of the beneficiaries named in said deed of trust except William H. Nicholson, Jr., who had departed this life before the payment of said notes; that the said Alfred H. Donnally also, on the 11th of November, 1912, conveyed said piece of real estate to John G. Pritchard, Trustee, to secure Charles R. Donnally the sum of $650.00, which is the same $650.00 secured by the deed of trust executed by Mary J. Donnally above referred to. The bill then recites that certain of the defendants recovered judgments against the said Alfred H. Donnally, one of which is a lien upon said real estate superior in dignity to the lien of the deed of trust given to secure the plaintiff, and the remainder thereof inferior to that lien. It is averred that because of these liens upon the property a court of equity should ascertain the exact amounts before allowing the property to be sold, and for that purpose the suit is brought. The demurrer of Alfred H. Donnally to this bill was overruled. The causes were then consolidated and referred to a commissioner for the purpose of ascertaining the amounts of the liens. The commissioner made a report, and upon the incoming of this report a decree was entered directing a sale of said lands in satisfaction of the liens against the same, from which decree this appeal is prosecuted.

The ground of the demurrers is that there is no jurisdiction in equity to entertain these bills; that resort to a court of equity was without any reason, and that the plaintiff had a full and complete remedy by advertising the sale of the property under the deeds of trust. In the case against Mary J. Donnally it appears that there is a lien against her property prior to the lien of the plaintiff, and one subsequent thereto, both secured by deeds of trust, the amounts thereof being certain and definite, and there is no allegation in the bill that there is any controversy over the amount of either of these debts, neither is there

any contention that there is any uncertainty or controversy as to the amount of the debt of the plaintiff. The contention is made by the plaintiff that he has a right to go into equity because the legal title to this property was outstanding in Michael Powell, Trustee in the deed of trust to secure Josephine A. Skinner the sum of $1500.00, and this is the only excuse given for resorting to a court of equity, it being insisted that where the trustee in a deed of trust does not have full legal title vested in him he may resort to a court of equity for the enforcement of the lien.

In the suit against Alfred H. Donnally it is averred that there is a deed of trust subsequent to the deed of trust given to secure the plaintiff, and a number of judgments creating subsequent liens against this real estate, and it is likewise shown that there is one judgment upon the real estate superior in dignity to the plaintiff's deed of trust, and a deed of trust prior to the plaintiff's deed of trust which it is alleged has been entirely paid off and discharged, and it is not shown that any contention is made by the beneficiaries therein that this is not the case, nor is there any contention as to the amounts or validity of the judgments, or as to the order of their priority. Resort to a court of equity in this case is attempted to be justified upon the ground that the prior deed of trust, at least as to one of the parties whom it secures, constitutes a cloud upon the title of Alfred H. Donnally, and that resort to a court of equity may be had to remove this cloud in advance of a sale.

It is quite well settled in this jurisdiction that a court of equity will not entertain a bill for the purpose of enforcing the lien of a deed of trust simply because there may be prior or subsequent liens upon the property. *George, Trustee, v. Zinn,* 57 W. Va. 15; *Ware, Trustee, v. Hewett,* 63 W. Va. 47, and cases there cited. So far as the subsequent liens are concerned they in no wise affect the interest conveyed to the trustee. A purchaser under the deed of trust would take the property entirely free of any subsequent encumbrance thereon, so that it cannot be said that the price which the property would bring at a sale under the deed of trust would be in any wise affected by the subsequent encumbrances, whether the amounts thereof are certain or uncertain, but where there are liens prior to the

deed of trust sought to be enforced, of course, the amount which the property would bring at a sale is bound to be affected by these liens. If their amount is certain and definite there is no necessity for resort to a court of equity to determine that amount. A purchaser in bidding for the property will take that into consideration in making his bid. He knows that what he buys at a trustee's sale is what the trustee has, and if there is a prior deed of trust, or prior lien, he buys subject to that prior deed of trust or that prior lien, and pays for just what the trustee conveys to him. Of course, if the amount of these prior liens is in dispute; if the debtor claims that they have been paid off, or partially paid off; and the creditor claims that no part thereof has been paid, then it might be said that resort should be had to a court of equity to determine this dispute before a sale of the property, provided always that such dispute is *bona fide* and there is a basis for it. Likewise if the debt secured by the deed of trust which it is desired to enforce is uncertain in its amount, or is disputed, it should be determined before the sale is proceeded with. In this case there is no uncertainty as to the amount of any of the liens. There is no dispute or controversy as to the amount of any of them, and no reason is perceived for resort to a court of equity because of the existence of the prior or subsequent liens. Courts exist for the purpose of settling controversies between the parties, and not for the purpose of acting as their business agents, and unless there is a real controversy to be settled, ordinarily there is no jurisdiction.

It is insisted, however, that the legal title to the property of Mrs. Donnally is outstanding in the trustee in the prior deed of trust, and decisions are cited which it is contended justify the resort to equity when this is the case. A review of those decisions show that they contemplate an outstanding adverse title, and not title in the trustee in a deed of trust creating a lien for a definite and fixed sum. In the case of *George, Trustee,* v. *Zinn, supra,* this question of the right of a trustee, or a creditor secured by a deed of trust, to resort to a court of equity for the execution of such lien is fully discussed, and after the full, complete and exhaustive presentation of the law upon the question contained in that opinion it is hardly necessary to do

more than refer thereto as the principles there announced are controlling in this case.  The cloud which it is claimed exists upon the title of Alfred H. Donnally because of the unreleased deed of trust, which it is alleged has been paid off, is not such as justifies resort to a court of equity for the enforcement of the trust deed lien.  There is no dispute that it is paid off; there is no controversy for the court to settle.  Donnally himself could not resort to a court of equity to remove this cloud.  He would be required, if he wanted the lien released, to make a motion upon notice, as required by law, and can it be said that a man's creditors can have a remedy to remove a cloud which he himself does not have?

There is no basis in either of the bills for resort to a court of equity for the enforcement of the liens.  The demurrers thereto should therefore have been sustained, and we will reverse the decree of the circuit court entered in the consolidated causes, sustain the respective demurrers to the bills, and remand the causes to the circuit court, with leave to the plaintiff to amend his bills, or to dismiss the same without prejudice.

*Reversed and remanded.*