# CHARLESTON.

## DOLLIE THOMAS v. GROVER COLLINS

### Submitted April 24, 1923. Decided May 1, 1923.

1. VENDOR AND PURCHASER—*Measure of Damages, Where Land Wrongfully Withheld by Vendor from Vendee, Stated.*

    The measure of damages where land is wrongfully withheld by a vendor from his vendee is not the actual receipts of the vendor but the fair annual value of the land in the hands of a prudent and discreet tenant. (p. 680).

2. APPEAL AND ERROR—*Where Evidence Does not Sustain Commissioner's Finding in Referred Cause, it Should be Set Aside.*

    Where the evidence before a commissioner to whom a cause has been referred does not sustain his finding, it ought to be set aside. (p. 681).

3. VENDOR AND PURCHASER—*Rule as to Terms for Land Sold Under Vendor's Lien Stated.*

    In a suit by a vendor against his vendee to enforce a vendor's lien for purchase money, the land should be sold

upon terms of sufficient cash to pay the purchase money due,
and the residue upon such credit or credits as to meet and
discharge the purchase money as it falls due.   (p. 681).

4.  COSTS—*Prevailing Party Entitled to Recover Costs on Appeal
    Where Court Below Committed Reversible Error.*

    Where in such case the court below in its decree has erred
    in the application of such rules, the prevailing party here
    is entitled to recover his costs as provided by section 11 of
    chapter 138 of the Code. :(p. 681).

Appeal from Circuit Court, Ritchie County.'

Suit by Dollie Thomas against Grover Collins and another.
From a judgment for plaintiff, the named defendant appeals.

*Reversed and remanded.*

*Adams & Cooper,* for appellant.
*M. K. Duty,* for appellee.

MILLER, PRESIDENT:

In the suit of Grover Collins against Dollie Thomas, decided here on appeal in February 1921, we reversed the decree below, which denied Collins specific performance of his contract with Mrs. Thomas for the purchase of a farm of about 400 acres, referred to in the present suit, and remanded the cause to the circuit court with direction to specifically execute said contract.

The present suit was afterwards brought to enforce the vendor's lien retained by plaintiff in her deed to Collins. Upon maturity of the suit in the circuit court the cause was referred to a commissioner with direction to ascertain and report the purchase money then due; what oil and gas royalties had been paid to plaintiff since January 2, 1919, the date of the purchase of the land by Collins, with which she was chargeable; and under another inquiry the commissioner was required to report the annual rental value of the land for farming and grazing purposes, with which the vendor was properly chargeable.

On the incoming of the report of the commissioner the defendant interposed two exceptions; the first of which was

to his finding as to the rental value of the farm during the time the vendor had withheld possession thereof from the vendee, which was overruled; and the second, which was sustained, related to the rate of interest allowed upon the purchase money notes then due, being six per cent instead of four percent stipulated in the notes; and the report was corrected accordingly.

The appellant Collins assigns and relies upon two points of error. The first is the action of the court in overruling his first exception to the commissioner's report. The commissioner charged plaintiff as the rental value of the farm, for the year 1919, $115.00, for the year 1920, $50.00, and for the period from January 2, 1921, to March 4, 1921, nothing, basing his finding solely upon the amounts which plaintiff was proven to have realized from the renting of certain small portions of the farm, instead of the fair rental value of the whole as shown by the evidence.

It is well settled by our decisions that the measure of damages where land is wrongfully withheld by the vendor from the vendee is not the actual receipts by the vendor but the fair annual value of the land in the hands of a prudent and discreet tenant upon a judicious system of husbandry. *Liskey* v. *Snyder*, 66 W. Va. 149; *Croston* v. *McVicker*, 76 W. Va. 461; *Bodkin* v. *Arnold*, 48 W. Va. 108.

It is apparent from the report of the commissioner that he based his findings solely upon what plaintiff realized from her share of the crops from certain small portions of the land, and not upon the evidence as to the actual annual value of the entire property. Plaintiff took the evidence of two or three witnesses, who purported to give their judgment of the annual value of the farm, but their evidence, we think, was of little value upon the subject, and besides, the commissioner did not base his report upon this evidence. The defendant took evidence of two or three witnesses, including his own, who testified with reference to the data that the fair annual value of the farm for all purposes of cropping and grazing was from $400.00 to $500.00 per year. We think that this exception to the commissioner's report was well founded and that it should have been sustained, and the

report recommitted with instructions to ascertain the annual value of the land according to the rule of our decisions.

It is a rule of practice established here, that where the evidence before the commissioner to whom a cause has been referred does not sustain his findings, it ought to be set aside. *Highland, Receiver,* v. *Ice et al.,* 75 W. Va. 513.

The next point urged for reversal is that the decree below ordered a sale upon the terms of one-half cash, one-fourth in four months, and one-fourth in eight months, making the payments all fall due earlier than the deferred installments of purchase money as stipulated in the notes of defendant and for which the vendor's lien was retained. This, appellee's counsel concede, constituted error for which the decree must be reversed. Our authorities so hold. *Long* v. *Perine,* 41 W. Va. 314; *Gates & Bro.* v. *Cragg,* 11 W. Va. 300; *Ware, Trustee,* v. *Hewett,* 63 W. Va. 47. Our more recent case of *Miller* v. *Hawker,* 85 W. Va. 691, holds that in such a case the deferred payments of purchase money should be made to fall due at such times as will meet and discharge the purchase money notes at the time they respectively become due.

Counsel for appellee, while admitting the error and conceding that the decree must be reversed, contends that the reversal should be without costs against the appellee. The authorities cited and relied on by him for this rule of practice are *Van Dorn* v. *County Court,* 38 W. Va. 267; *Christian* v. *Vance,* 41 W. Va. 754; *Sprinkle* v. *Duty,* 54 W. Va. 559. But they are inapt. In each of these cases the decree failed to reserve the right of appellant to pursue his remedy at law, if any, which the court would have done if he had requested it. Not having done so he was not entitled to recover costs in the appellate court as the party substantially prevailing. In the present case we reverse the decree on substantial grounds, in fact on both points of error relied on by appellant, and he and not appellee is the party substantially prevailing here. So we see no good reason for withholding from him the costs to which he is entitled by section 11, chapter 138 of the Code, which provides: "In every case in an appellate court, costs shall be recovered in such court by the party substantially prevailing."

We are of the opinion to reverse the decree and remand the cause to the circuit court for further proceedings to be had therein in accordance with the views herein expressed.

*Reversed and remanded.*