# CHARLESTON

KIGHT v. KIGHT.

Submitted September 3, 1908.    Decided December 15, 1908.

SPECIFIC PERFORMANCE—*Contract—Description of Land.*

> A written contract of sale of land need not be so certain in description of the land to identify it, in and of itself, without aid from evidence outside of it.  If it refers to corners, lines or other earmarks or indexes that will enable it to be identified with certainty by extrinsic evidence, it is capable of specific enforcement in equity.  (p. 520.)

Appeal from Circuit Court, Tucker County.

Suit by E. G. Kight and A. M. Kight against Cornelius Kight and Joseph Kight.   Decree for plaintiffs, and defendants appeal.

*Affirmed.*

CHARLES D. SMITH and D. E. CUPPETT, for appellants.
J. P. SCOTT, for appellees.

BRANNON, JUDGE:

This is a chancery suit in Tucker county by E. G. Kight and A. M. Kight against Cornelius Kight, Sr., and Joseph Kight, to compel specific performance of the following contract signed by Cornelius Kight, Sr.:    "This the 1st day of July, 1904, Cornelius Kight, Sr., party of the first part, agrees to sell to E. G. Kight and A. M. Kight, party of the second part, one part of the woods land and timber line running with Cornelius Kight, Sr., and Sylvester Kight from corner to corner between same and running across to improved land, which contains about 70 acres, more or less, and agrees to take $8.00 per acre for it and receive $2, as down payment, except of two roads on land."    After the execution of that paper Cornelius Kight, Sr., conveyed land, including the land mentioned in the contract, to his son Joseph Kight, and made him a deed for it.   A decree in the case gave specific performance of that contract, and set aside the deed to Joseph Kight as having been made with knowledge on the part of Joseph Kight of the prior

sale to E. G. Kight and A. M. Kight. Cornelius Kight, Sr. and Joseph Kight unite in this appeal.

There is only one point worthy of consideration, and that is upon the claim that the contract of sale is so vague and uncertain in description of the land that a court ought not to enforce it. It is useless to discuss this matter as to the law, since it has been many times discussed in our reports. Courts should always, if possible, make the contracts of men availing rather than destroy them. It seems to be thought that a contract of sale of land must be invariably, *in and of itself*, so descriptive of the land that it can be identfied without going outside the contract. That is a mistake, often indulged in. It is very well settled that oral evidence may be used to apply a contract to its subject matter. If we turn to *Crotty* v. *Effler*, 60 W. Va. 262, and *Crawford* v. *Workman*, 64 W. Va. 10, (61 S. E. 319,) we will see that if the writing, though it do not itself fully describe the land, yet contains reference to objects, lines or other means of identification, so that it can be found and surveyed and made certain, it is sufficient. This contract is very poorly drawn, poorly descriptive, but observe that it calls for one part of woods land and timber. How bounded? It says that it must be by a line running with land of Cornelius Kight, Sr. and Sylvester Kight from corner to corner. That fixes that line. It is the line between their land. And then it extends across the timber to improved land, and is to contain about seventy acres. It is thus capable of identification on the ground.

It is said that plaintiffs acquiesced in Joseph Kight's purchase. This only because a witness said that he heard one of the purchasers say that he was satisfied that Joseph Kight had bought the land and that E. G. Kight and A. M. Kight never wanted it. This was after the purchase. It is very doubtful whether the remark was made. It did not cause Joseph Kight to purchase, because it was after his purchase. A person cannot lose land by such a casual remark, if made. It was on no consideration, not binding.

This land was surveyed by Semple. And his plat was filed with the bill, and the court was asked to compel a deed according to that plat. Another survey was made by Rohrbaugh, and introduced in the case by defendants as correct.

It is admitted that a mistake occurred in the Semple survey. The court decreed by the Rohrbaugh survey. It is said the bill having asked relief by the Semple plat the court erred in decreeing by the Rohrbaugh plat. The bill asked that the land sold by *that contract* be conveyed. That it misdescribed it by reference to the Semple plat would not forbid ascertainment of the true boundary by correct survey. The bill was not really based on the Semple plat, *but on the contract,* and the court could ascertain the true boundary of the land sold. And it was not making a new case or asking different relief from that contained in the bill, in a substantial point of view. It cannot be said that the decree is without allegation to support it. The bill alleges and rests on the contract.

It is said that the contract was never executed. There was an oral contract a few days preceding the written one. It is said that that was never carried into execution by delivery of possession. What of that? The case does not depend on an oral contract, because the oral contract was carried into writing. In fact, there is not room to question the execution of the written contract. It is admitted by its maker, and fully proven by one present at its execution, and otherwise. E. G. Kight and A. M. Kight did take possession of the land and made very considerable improvement upon it by building and clearing. This is beyond question, if possession were important in the case. That possession was notice to Joseph Kight of the said purchase, if that were not otherwise fully proven, as it is. He knew of the purchase by E. G. and A. M. Kight. He and his father, Cornelius Kight, Sr,, were present and took part when Semple surveyed the land purchased by the old man's grandsons, E. G. and A. M. Kight. Joseph Kight's knowledge of the purchase is amply proven; really not denied.

It is said Joseph's deed is not filed. What of that? The bill charges that his father made a deed to him; both of them admit it. Its presence is not necessary for any description. It is admitted to cover the same land purchased by E. G. and A., M. Kight, and whatever its contents it is void as to rights of E. G. and A. M. Kight. All the court had to do with it was to cancel it.

Complaint is made that the decree shows that E. G. and

A. M. Kight paid into the court the full amount of purchase money for the land, and that the court did not decree it to be paid to Joseph Kight. The idea seems to be that the decree is final, not interlocutory, and that the court cannot. hereafter direct as to the disposition of the money, because the decree is final. It is not final between Joseph Kight. and Cornelius Kight, Sr. The record shows that some purchase money remained unpaid from Joseph Kight, to his father, and the court reserved the adjustment of their rights: as to the money. That is open yet for future decree.

Seeing no error in the decree, we affirm it.

*Affirmed.*