# CHARLESTON.

WHEELER DAY AND MAGGIE DAY v. J. F. KRAMER.

Submitted February 8, 1921. Decided February 22, 1921.

FRAUDS, STATUTE OF—*Letters by Defendant in Suit for Specific Performance Held Sufficient Compliance With Statute.*

In a suit for specific performance in which the statute of frauds was pleaded and relied on, the following letter of the defendant, viewed in connection with the prior and subse-

87 W. Va.

quent letters of plaintiff and the circumstances and condition of the parties, was sufficient to constitute a memorandum in writing by the defendant to satisfy the statute of frauds:

"Davis, W. Va., April 10, 1919.

"Mr. Wheeler Day, Dear Sir:—Your letter of April 7, 1919, received and contents noted. Make the deed for the lot to me and I will take the house and also the vacant lot, so you can make both of the deeds to me. I will collect the rent for the house when your month is up for which he paid you.

Resp. yours, J. F. KRAMER."

"P. S.: If you have not had the release of the deed of trust put on record, kindly bring it with you so that it can be recorded in order to make the title clear on the house and ½ lot."

Appeal from Circuit Court, Tucker County.

Suit by Wheeler Day and another against J. F. Kramer. Decree for plaintiffs, and defendant appeals.

*Affirmed.*

*W. K. Pritt,* for appellant.
*D. E. Cuppett,* for appellees.

Miller, Judge:

Specific performance of a contract for the sale and purchase of a house and two lots in the town of Davis was decreed in favor of vendors against vendee. The present appeal by the vendee seeks to reverse the decree below.

The answer admits a verbal contract substantially as alleged in plaintiffs' bill, except that by its terms the sale was to be conditioned on plaintiffs making and delivering a deed for the property on or about April 13, 1919, which the answer alleges plaintiffs failed to do.

On the question of fact as to whether or not the sale and purchase was so conditioned, the decree below on conflicting evidence was against the pretentions of defendant, and we think the fiding of the circuit court thereon was clearly right. The subsequent letters of defendant, admitting a contract, and his conduct in collectig the rent from the tenant before the deed tendered, are corroborative of the evidence of the plaintiffs, and

these with the evidence of other witnesses negative any such condition.

But while admitting the verbal contract, defendant pleaded and relied on the statute of frauds; and to overcome this defense plaintiffs pleaded in the bill and introduced in evidence two letters, one written by Wheeler Day on behalf of himself and his sister, Maggie Day, on April 7, 1919; the other defendant's reply thereto, dated April 10, 1919; as follows:

"Petersburg, W. Va., April 7, 1919.

"Mr. J. F. Kramer,

Dear Sir: I have been looking for a letter from you but have failed to hear from you, and I want to know what you want to do about the lot. I will have the deed made for the house and ½ lot and bring it out with me when I come out. But I do not expect I will get out there before the last of this month. The cold spell has put us back with our work. Please let me hear from you at once.

WHEELER DAY."

To which Kramer replied as follows:

"Davis, W. Va., April 10, 1919.

"Mr. Wheeler Day,

Dear Sir: Your letter of April 7, 1919, received and contents noted. Make the deed for the lot to me and I will take the house and also the vacant lot, so you can make both of the deeds to me. I will collect the rent for the house when your month is up for which he paid you.

Resp. yours,       J. F. KRAMER."

"P. S.: If you have not had the release of the deed of trust put on record, kindly bring it with you so that it can be recorded in order to make the title clear on the house and ½ lot."

Kramer's reply was not mailed at Davis until 4 P. M., April 11, 1919. Wheeler Day replied to Kramer by letter dated at Petersburg, W. Va., May 5, 1919, as follows:

"I have made the deeds for both properties and have them in my possession now and will bring them out in a few days, the rent on the property will be yours from the 13th day of

April, the rent will be due the 13th of May, so you take the property in your charge.        Yours respectfully,

WHEELER DAY."

It seems to us quite evident from Kramer's reply to Day that there was no condition in the contract as originally made for delivery of a deed on a specified day. Kramer makes no mention of such condition in his letter. He took charge of the property, at least to the extent of collecting rent from the tenant, and gave his receipt for the money, on April 21, 1919, eight days after the day on which he says the deed was to have been delivered. He told the tenant he had bought the property; and the record shows that he had told others substantially the same thing.

The pivotal question in the case is: Does Kramer's letter of April 10, 1919, read in connection with the letters from Day to him, introduced in evidence, constitute such a sufficient promise, contract, agreement, representation, assurance, or ratification, or a memorandum or note thereof in writing, as to relieve the contract from the interdiction of the statute of frauds?

As this statute has been previously interpreted by this court, we think Kramer's letter satisfies the statute. At the time of the contract he lived in Davis, W. Va., where the property sold was situated. Plaintiffs resided at Petersburg, W. Va. It is not shown that they had any other property located in the town of Davis. It was therefore perfectly easy to fit the contract evidenced by his letter to the subject matter; and this is sufficient to satisfy the statute, which is at most but a rule of evidence and not of substantive law. In the case of *White* v. *Core,* 20 W. Va. 272, 274, this court decided that the following memorandum was sufficient to satisfy the statute:

"Received of William White for Samuel White, one hundred dollars, on land purchased of Core; and the said Core agrees to divide the said land, and let the said Samuel White have the lower half of said land for nine hundred dollars, this June 13, 1876.        W. G. H. Core."

In that case the contract was specifically executed at the suit of White against Core. . And in the more recent case

of *Crotty* v. *Effler,* 60 W. Va. 258, a similar receipt or memorandum was held to be sufficient to satisfy the statute in a suit for specific performance.

It is argued that specific performance is not a matter of right, but lies in the discretion of the court. This is true, but as we have decided lastly at the present term, in the case of *Collins* v. *Thomas,* 87 W. Va., it is equally true that where the conditions of the contract have been complied with, a court of equity can not arbitrarily refuse to give specific performance any more than a court of law can withhold its judgment for damages for a breach thereof.

Our conclusion, therefore, is to affirm the decree.

*Affirmed.*