No. 24,105.

THE BUTLER COUNTY STATE BANK, *Appellant,* v. C. V. VAN MATRE, *Appellee.*

SYLLABUS BY THE COURT.

SHARES OF STOCK IN CORPORATION—*Value Determined Only by Evidence.* In the absence of evidence, a trial court cannot say what is the value of shares of stock in a corporation.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed January 6, 1923. Affirmed.

*J. M. Pleasant, George J. Benson,* and *T. A. Kramer,* all of El Dorado, for the appellant.

*B. R. Leydig, K. M. Geddes, E. W. Grant,* all of El Dorado, *Chester I. Long, Austin M. Cowan, Claude I. Depew,* and *Forest D. Siefkin,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiff seeks to recover the purchase price of void or "spurious" stock illegally issued by a corporation. Special findings of fact were made as follows:

"*First.* Prior to the 16th day of September, 1918, the Railroad Men's Refining Company was a Kansas corporation and the amount of its authorized capital stock was $50,000.00.

"*Second.* Prior to the 16th day of September, 1918, such corporation had issued certificates of stock for the entire amount of its capitalization, to wit, $50,000.00.

"*Third.* After the full amount of the original authorized stock, to wit, $50,000.00, had been issued, the corporation passed a resolution to increase its capital stock and made application for such increase, and before said application was acted upon, proceeded to and did issue stock in excess of the authorized capital to the amount of between $14,000.00 and $19,000.00, which was thereafter by those connected with said corporation called 'spurious stock.' This stock was illegally issued and is void stock. One of the certificates of this spurious stock was issued on September 16, 1918, and delivered to one Frank Schmitz, purporting to be for fifty shares of the par value of $10.00 each of the capital stock of such corporation. Said application for authority to increase the capital stock was refused.

"*Fourth.* Thereafter the Railroad Men's Refining Company sold the entire property and assets of the Company to the defendant, C. V. Van Matre, for the sum of $2,500.00 in money, and the further consideration that said C. V. Van Matre would pay the outstanding debts and obligations then owing by the Company and should hold the Railroad Men's Refining Company harmless by reason of what the parties to the contract termed 'spurious stock.'

"*Fifth.* It was within the contemplation of the Company and the said Van Matre that the certificate referred to in plaintiff's petition should be considered 'spurious stock.'

"*Sixth.* The certificate in question was transferred by Frank Schmitz to one Victor Clark, by said Schmitz signing a blank assignment on the back of said certificate and delivering the same to said Clark. Clark in turn transferred the certificate as collateral security, to plaintiff, for a note of $2,000.00, on February 21, 1919, and as part of said transaction delivered said certificate so assigned to plaintiff. The note held by plaintiff for which said certificate was given as collateral security, has never been paid. The plaintiff has made no sale of said stock so held by it as collateral security.

"*Seventh.* There is no evidence to establish what amount, if anything, Frank Schmitz paid to the Company for said stock, and there is no evidence in the Record to show what Victor Clark paid Schmitz therefor. There is no evidence to show the market price of the genuine stock of said Corporation

as of September 16, 1918, but the market value of genuine stock on February 21, 1919, when plaintiff took the stock as collateral, was not to exceed One Dollar per share of the par value of $10.00.

"*Eighth.* After the contract was entered into between the Corporation and the defendant on July 7, 1919, said Corporation delivered to the defendant the property which he was to receive under and by the terms of said contract.

"*Ninth.* At the time plaintiff made the loan to Victor Clark and at the time it took the certificate in question as collateral security for the note for $2,000.00, it had no knowledge of the fact that said stock was spurious stock or illegal stock, but took the same as such collateral believing it to be genuine stock of said Company."

On these findings, the court made the following conclusion of law:

"The court is of the opinion that the true measure of plaintiff's recovery would be the amount paid by Schmitz to the corporation for the stock, but that, in the absence of any proof as to what this was, it is then limited to the par value of real stock at the time it took same as collateral, it being presumed that such was received by the bank as collateral to the extent, and upon basis, of such value. Plaintiff is therefore entitled to recover from the defendant the sum of Fifty Dollars and six per cent interest thereon from February 21, 1919."

Each side moved for judgment on the findings. Both motions were denied. Judgment was rendered in favor of the plaintiff for $50 with interest thereon from February 21, 1919, at six per cent. The plaintiff appeals.

Only one question is argued, and that is that the court applied the wrong rule in measuring the plaintiff's damages. The rule stated by the court to be the true measure of the plaintiff's recovery was the correct one, but there was no evidence to which that rule could have been applied. The plaintiff contends that in the absence of evidence, the presumption is that the plaintiff was damaged in an amount equal to the par value of the stock. With this contention, the court cannot agree. Shares of stock in corporations are known to be of such variable value that no presumption concerning value can be applied. There is just as much of a presumption that shares of stock are worthless as there is that they have any value. The plaintiff could not recover until it had proved what had been paid for the stock or had proved its value. The only rule for measuring the plaintiff's damages that could have been applied by the court under the evidence was the one that was followed. The court, therefore, did not commit error.

The judgment is affirmed.