J. B. HARPER

*v.*

RHODIE PAULEY, *et al.*

(No. 10572)

Submitted September 22, 1953. Decided December 1, 1953.

*J. Campbell Palmer, III, Robert L. Elkins,* for appellants.

*Kay, Casto & Chaney, Vincent V. Chaney,* for appellee.

GIVEN, JUDGE:

Plaintiff, J. B. Harper, instituted a chancery proceeding in the Circuit Court of Kanawha County praying for

specific performance of a written option relating to the sale of real estate, the title to which was vested in one of the defendants, Rhodie Pauley, wife of the other defendant, George H. Pauley. The wife filed an answer denying material allegations of the bill of complaint, except that she admitted signing the option. She alleged that an attempted renewal or extension of the option by plaintiff, in accordance with provisions thereof, was abortive for the reason that it was not timely made, that "she was suffering from a serious illness and was not in any condition to transact business or to understand fully the nature of said transaction at that time", and that she was not afforded an opportunity to read the option. The bill of complaint was amended for the purpose of bringing before the court the dower interest of the husband, and demurrers of the husband to the original bill of complaint and the amended bill of complaint were overruled.

Depositions were taken by the parties litigant and the cause was submitted to the court for decision. On September 30, 1952, the circuit court, by memorandum opinion, advised counsel for the parties of its findings, all in favor of plaintiff, and directed the preparation of a decree granting specific performance as prayed for. The decree, however, was not actually entered until the first day of December, 1952. The record is not clear as to the reason for the delay, but apparently it was with the understanding or agreement of counsel representing the parties.

On the day the final decree was entered, and apparently before the actual entry thereof, defendants filed a plea of the statute of frauds, plaintiff filed a demurrer thereto, and the court "On consideration whereof", sustained the said demurrer and decreed the plea to be insufficient. On the same day the wife tendered for filing a petition praying permission to amend her answer, which petition the court refused to file. Also, on the same day defendants tendered for filing a petition praying for a rehearing, which petition the court filed and, at the same time, filed

an answer of plaintiff to that petition. The decree filing the last mentioned petition and answer recites that the court "duly considered the said petition and answer", and the court "decreed that the prayer of said petition be and the same is hereby denied".

The option mentioned, dated March 7, 1950, was executed only by Rhodie Pauley. It recited a consideration of ten dollars, and the amount of the purchase price to be paid for the real estate in the event of the exercise of the rights granted was nine thousand dollars. The option purported to grant unto plaintiff the exclusive right to purchase, at any time within two months, "all that certain tract or parcel of land situate on the waters of Davis Creek in Loudon District of Kanawha County, West Virginia, more particularly described as follows: Being all of four tracts of land: Tract ⅍ 1, comprising 33½ acres and tract ⅍ 2 comprising 10 A. more or less and tract ⅍ 3 comprising 10 acres more or less and tract ⅍ 3 containing 10 acres more or less, and tract ⅍ 4 containing 15 acres more or less all on Middle Fork of Davis Creek". The option also granted to plaintiff "the right to extend this option for 2 successive periods of 2 months by paying to the undersigned the sum of fifty Dollars ($50.00) for each such extension before this option or any extension thereof has expired".

The depositions disclose that the real estate involved was purchased by defendants about 1936; that the whole purchase price therefor was paid by the defendant George H. Pauley; that, agreeable to him, if not at his instance, title thereto was placed in the name of Rhodie Pauley; and that the option in question was executed by the wife without any knowledge of her husband. Very little evidence, if any, was produced in support of the contention relating to incompetency of Rhodie Pauley at the time of execution and delivery of the option. Substantial evidence was introduced by plaintiff indicating competency. The evidence is in sharp conflict as to the contention relating to the failure of plaintiff to elect to extend the time within which

the privilege of exercising the rights granted by the option could be exercised. Therefore, we can not say that the findings of fact of the trial chancellor are plainly wrong.

The controlling question in the cause relates to the sufficiency of the description of the real estate involved, raised by the action of the court in sustaining plaintiff's demurrer to the plea of the statute of frauds and by the action of the court in denying the relief prayed for in the petition for rehearing filed and considered by the court, which petition alleged the invalidity of the option because of the insufficiency of the description. Numerous other assignments of error are made, but we think the conclusions reached by this Court as to the controlling question render any discussion of them unnecessary, except as to a contention to the effect that defendants waived any question of the sufficiency of the description of the real estate.

The applicable statute, Code, 36-1-3, reads: "No contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby, or by his agent. But the consideration need not be set forth or expressed in the writing, and it may be proved by other evidence."

As before noted, the plea is based upon the premise that the land involved is not described with sufficient particularity in the option. The description is quoted above. It is conceded that Tract No. 3 is mentioned twice in the description, so that the actual information furnished by the description is simply four tracts of land containing thirty-three and one-half acres, ten acres, ten acres and fifteen acres, respectively, on Middle Fork of Davis Creek in Loudon District of Kanawha County. No further information as to the identity of the land intended to be described is found in any other part of the option, and no reference is made in the option to any record, deed or other instrument.

The purpose of the quoted statute, commonly referred to as the statute of frauds, is to prevent fraud by requiring that a contract for the sale of real estate, or a note or memorandum thereof, be in writing. *Ross* v. *Midelburg,* 129 W. Va. 851, 865, 42 S. E. 2d 185. The statute protects both the vendor and the vendee. *Brown* v. *Gray,* 68 W. Va. 555, 70 S. E. 276, 37 L. R. A., N. S., 901n, 47 L. R. A., N. S., 875n, 15 A. L. R. 76n. "A memorandum in writing relied on to take a contract out of the operation of the statute must contain every essential element of the agreement, except it need not state the consideration." Point 2, Syllabus, *Bradley Co.* v. *Moore,* 91 W. Va. 77, 112 S. E. 236. See *Rahm* v. *Klerner,* 99 Va. 10, 37 S. E. 292. The rule requiring certainty as to every essential element of such a writing requires that the description of real estate contained in such a writing be reasonably certain. That which may be made certain, however, is regarded as certain. *Bradley* v. *Moore, supra.* "The law of description in deeds is that of reasonable certainty only; 'but the degree of certainty required is always qualified by the application of the rule that that is certain which can be made certain. A deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey. The office of a description is not to identify the land, but to furnish means of identification' ". *Simpkins* v. *White,* 43 W. Va. 125, 27 S. E. 361. As will appear from numerous decisions cited later in this opinion, this Court has followed, as have Courts of most other jurisdictions, this liberal rule relating to descriptions of real estate in such writings.

The rule relating to the admission of extrinsic evidence in such cases is stated by this Court in *Mathews* v. *Jarrett,* 20 W. Va. 415, at page 422: "It is an elementary principle that a contract which a court of equity will specifically enforce must be certain as well as fair in its terms; and the certainty required has reference both to the description of the property and the estate to be conveyed. Uncertainty as to either, not capable of being removed by ex-

trinsic evidence, is fatal to any suit for a specific perform-ance. *Preston* v. *Preston,* 95 U. S. 200. Extrinsic evidence, however, is only admissible to a very limited extent and for purposes well defined and limited. It cannot be used to supply any defect or omission in the terms of the writ-ten contract; it is strictly confined, in cases where no fraud, mistake or other equitable incident of a similar character is alleged, to the function of explanation, and of exhibiting the surrounding circumstances, in the same manner and only to the same extent that such evidence is permissible in the interpretation of all other written instruments * * *".

The rule relating to the sufficiency of the description of lands in such contracts is stated in 37 C. J. S., Frauds, Statute of, Section 184, in this language: "One of the es-sential elements of a contract for the sale or conveyance of real property which must be stated in the contract, or a memorandum or note thereof, is a description of the property to be conveyed. The land must be so described that it can be identified with reasonable certainty. The writing must disclose a description which is itself definite and certain or it must furnish the means or key by which the description may be made certain and identified with its location on the ground. In other words the contract, note, or memorandum is insufficient where parol evidence is necessary to supply the description, or part thereof, to determine and define the subject matter, and to show the intention and agreement of the parties as to the subject matter; and it is sufficient as regards subject matter where it furnishes a sufficient foundation for the admission of extrinsic evidence to apply the description and by means of such evidence the particular tract of land which is the subject matter of the agreement may be identified and located to the exclusion of all others * * *". Notice the special significance of the phrases "means or key by which the description may be made certain" and "sufficient foundation for the admission of extrinsic evi-dence", and that the "means or key" and the "foundation" must be contained in the contract itself. Notice also that

the description is insufficient where it is "necessary to supply" the same by parol evidence. As to these principles the authorities appear unanimous, but in the application of these principles to particular cases decisions of courts of other jurisdictions are in boundless confusion.

This Court has considered the question in a number of cases and, with few minor exceptions, has been uniform in the application of the rule holding that the contract, in describing the real estate, must itself contain the "key" or "foundation" words before extrinsic evidence can be received to aid in the identification of the particular property. We supply emphasis of what are considered the "key" or "foundation" words or phrases in the following cases:

In *White* v. *Core*, 20 W. Va. 272, wherein specific performance of a certain contract was prayed, the description was *"on land purchased of Core"* by *"White"*. In holding the description contained in the writing sufficient, aided by parol evidence, the Court stated: "* * * It is proved that said White purchased of said Core one hundred and ninety-three acres of land on French creek in Pleasants county, the same conveyed by a deed exhibited with plaintiff's bill. By reference to this deed the land is fully identified and described, and it is proved that this was the only land ever purchased by White from Core. This is sufficiently certain to describe and identify the land provided the parol testimony, which connects the land mentioned in the agreement with the land described in the deed from Core to White, is competent. It is a well settled principle of law that the court may go outside of the writing for the purpose of ascertaining and identifying the subject matter; and a contract to sell *'my farm'* or *'the mill'* is sufficiently certain, if it appears that the vender has but one such building or tract of land. *Fish* v. *Hubbard,* 21 Wend. 652; *Barry* v. *Coombe,* 1 Peters 640; *Robeson* v. *Hornbaker,* 2 Green ch. 60; *Warren* v. *Syme,* 7 W. Va. 474, 487.

"The agreement or receipt 'E' refers to the land as the same that was purchased by White of Core, and the proof

is that the only land purchased by White of Core is the one hundred and ninety-three acres in the deed from Core to White described and mentioned. This, we think, fully identifies the subject matter of the sale and is a sufficient compliance with the statute of frauds. Having thus shown that the contract is in its nature and circumstances unobjectionable, it is as much a matter of course for a court of equity to decree a specific performance of it as it is for a court of law to give damages for a breach of it * * *".

In *Farrell* v. *Camden,* 49 W. Va. 225, 38 S. E. 581, the writing involved described the land as *"all the lands owned by me in Webster County,* West Virginia, and unsold at this date". Specific performance was granted by the circuit court and the appeal to this Court was dismissed, upon a different ground, without any discussion of the sufficiency of the description.

In *Holley's Executor* v. *Curry,* 58 W. Va. 70, 51 S. E. 135, the writing purported to be a deed of trust describing the land as "Seventy-two acres of land situate near Hamlin, *the same bought of the land company".* In holding the description sufficient to permit the admission of parol evidence to show what land was bought from the land company, the Court pointed out:

"Usually general descriptions such as 'all the estate both real and personal of the grantor;' 'all my land' in a certain town, county or state; 'all my land wherever situated;' 'all my right, title and interest in and to my father's estate at law,' and the like, are held good. Brewster on Conveyancing, section 81; *Pettigrew* v. *Bobbellaar,* 63 Cal. 396; *Frey* v. *Clifford,* 44 Cal. 335; *Austin* v. *Dolbee,* 101 Mich. 292; *Huron Land Company* v. *Robarge,* 128 Mich. 686; *Warren* v. *Syme, supra.*

"Descriptions omitting town, county or state where the property is situated, have been held sufficient, where the deed or writing provides other means of identification. *Hawkins* v. *Hudson,* 45 Ala. 482; *Webb* v. *Mullins,* 78 Ala.

111; *Garden City Sand Co.* v. *Miller,* 157 Ill. 225; *Lloyd* v. *Bunce,* 41 Iowa 660; *Mee* v. *Benedict,* 98 Mich. 260; *Norfleet* v. *Russell,* 64 Mo. 176; 13 Cyc. 549; *McCullough* v. *Olds,* 108 Cal. 529; 41 Pac. Rep. 420 * * *".

*Crotty* v. *Effler,* 60 W. Va. 258, 54 S. E. 345, was a suit for specific performance of a contract containing this description: "It being a *pice* of land *sole to John Effler by the Welch land improvement* 5 acres more or less and that joins the Crotty land". After reviewing a large number of holdings, the Court concluded: "* * * Although the state, county and district may be omitted from the description, it is essential that the land agreed to be sold be so described as to be capable of being distinguished from other land. It is not necessary that the contract should contain such a description as, without the aid of extrinsic testimony, to ascertain precisely what was agreed to be sold. We are clearly of the opinion that the contract in controversy is not void on its face for uncertainty in the description of the land agreed to be sold. It describes the land as a *'pice* of land *sole* to John Effler by the Welch land improvement,' '5 acres more or less,' 'that joins the Crotty land.' We cannot say that, by the use of these means furnished by the contract, the land agreed to be sold may not be identified. See *Atwood* v. *Cobb,* 16 Pick. (Mass.) 227; *Newman* v. *Iron Co.,* 80 Fed. Rep. 228; *Felty* v. *Calhoun,* 139 Pa. St. 378". It is significant here that the Court admitted parol evidence to identify "land *sole* to John Effler", not to identify some uncertain tract of land containing five acres, more or less.

In *Crawford* v. *Workman,* 64 W. Va. 10, 61 S. E. 319, a suit for specific performance, the description contained in the writing involved read: "* * * boundary of land containing 600 acres, more or less, situate in Crook district, Boone county, West Virginia * * * On the West Fork of Little Coal River, and James Creek of said West Fork * * *". This description is as informative as that contained in the writing in the case at bar. In neither is there any "key" or "foundation" word or phrase, the description

merely calling for some tract of land containing a designated number of acres, on a certain stream. The Court held the description insufficient and, in an opinion by Judge Brannon, stated: "* * * I assume that nobody will say that the contract above quoted, in and of itself, identifies the land. In what part of Crook District, which may be large in area, does this land lie? What particular land on the West Fork of Little Coal river and James Creek out of the thousands of acres there lying? What part is on the West Fork and what part on James creek? Does it lie at the mouths or at the heads of those streams? Is there any surveyor to be found who could go on those streams and pick out this land from the lantern of this contract? No corners, no lines, no indexes to specify or guide. It is true that, under circumstances, proper evidence outside the contract may be called for help. *Mathews* v. *Jarrett, supra,* the second and third points of the syllabus are as follows: 'Extrinsic evidence in such case is only admissible to a very limited extent. It cannot be used to supply any defect or omission in the terms of the written contract; but is strictly confined, in cases where no fraud, mistake or other equitable incident of a like character is alleged, to the function of explanation, and of exhibiting the surrounding circumstances in the manner and only to the same extent that such evidence is permissible in the interpretation of all other written instruments.

"In a suit for the specific execution of a contract for the purchase of land, where neither the contract itself, nor the extrinsic proof of the surrounding circumstances, identifies or defines the tract or boundaries of the land, or refers to anything by which it may be identified with reasonable certainty, the court will not decree a specific performance, but will dismiss the bill.' So, we see that you cannot introduce any and all kinds of evidence. You cannot make a contract by oral evidence. You cannot put into the contract by oral evidence a most material element which the statute of frauds designs to be in writing. The trouble in this case is, that the contract itself neither

specifies the particular land nor does it refer to anything outside the contract by which to identify the land. It contains no such pointers. It does state the district and the streams, but where in that district or on these streams? It is lame because it contains nothing to point out that land, or point out something by which it may be made certain * * *".

In *Kight* v. *Kight,* 64 W. Va. 519, 63 S. E. 335, a suit for specific performance, the writing described the land involved as being "* * * one part of the woods land and timber *line* running with Cornelius Kight, Sr., and Sylvester Kight from corner to corner between same and running across to improved land, which contains about 70 acres * * *". In holding the description sufficient, the Court stated: "* * * If we turn to *Crotty* v. *Effler,* 60 W. Va. 262, [258] and *Crawford* v. *Workman,* 64 W. Va. 10, (61 S. E. 319,) we will see that if the writing, though it do not itself fully describe the land, yet contains reference to objects, lines or other means of identification, so that it can be found and surveyed and made certain, it is sufficient. This contract is very poorly drawn, poorly descriptive, but observe that it calls for one part of woods land and timber. How bounded? It says that it must be by a line running with land of Cornelius Kight, Sr. and Sylvester Kight from corner to corner. That fixes that line. It is the line between their land. And then it extends across the timber to improved land, and is to contain about seventy acres. It is thus capable of identification on the ground".

In *Crookshanks* v. *Ransbarger,* 80 W. Va. 21, 92 S. E. 78, the Court, looking to the whole contract, construed the provisions relating to the description to be "* * * the farm or tract of *land on which the vendors resided".* The Court, in an opinion by Judge Poffenbarger, in discussing the pertinent point, stated: "* * * Though it may be said, the parties intended to sell all the land they had, the contract does not say so by any words used in it, and it is absolutely essential that some words importing intent

to cover the land be found therein. Words in the contract, not mere circumstances outside of it, nor the relation of the parties to the land, form an indispensable element. *Oil Co.* v. *McCormick,* 68 W. Va. 604; *Crawford* v. *Workman,* 64 W. Va. 10. No doubt the parties intended to contract the sale of these small tracts. If mere inference arising from their situation, their relation to them, the obvious intent and purpose of the vendee, and all the other facts and circumstances disclosed by the extrinsic evidence could supply want of language in the contract, it could be said the intent to sell these tracts is clear. But the law rigidly exacts the presence of words in the contract, expressing the intention. It cannot be supplied by mere inference arising from facts disclosed by extrinsic evidence and the relation of the parties to the instrument. 'Operative words manifesting intent to transfer the property are absolutely essential to the conveyance of title. The intent must be disclosed in the words of the deed, not the mere acts of the parties.' *Freudenberger Oil Co.* v. *Simmons,* 75 W. Va. 337. It is hardly necessary to say a contract for a conveyance must be equally broad in its scope, for specific performance thereof results in a deed and a court, decreeing specific performance, would not be justified in going beyond the terms of the contract".

In *Day* v. *Kramer,* 87 W. Va. 777, 106 S. E. 128, the contract sought to be specifically enforced consisted of letters exchanged between the parties. One of the letters referred to the property as "* * * the house and also the vacant lot * * *", and also referred to "* * * the release of the deed of trust put on record * * *". Another letter signed by the vendor refers to "* * * deeds for both properties * * *" then in existence and in possession of the vendor. Also, the correspondence and the evidence, as appears upon examination of the original record, show that the property involved was, at the time of the negotiations, in possession of a certain tenant known to both parties to the contract. In these circumstances, the Court found no difficulty in admitting extrinsic evidence to identify the land attempted to be described in the writing.

It is clear, from the opinion, that the Court attempted to apply the rule theretofore followed, for the only authorities relied on were *White* v. *Core, supra,* and *Crotty* v. *Effler, supra.*

In *Sponaugle* v. *Warner,* 98 W. Va. 532, 127 S. E. 403, the writing involved described land as being "* * * the Place Lying about five miles West of Circleville, W. Va. and county of Pendleton on hunting Ground. *Which is now her home Place * * *"*. The Court held the description sufficient and, referring to the case of *White* v. *Core, supra,* stated: "* * * There it was held that in agreements for the sale of lands the court may go outside of the writing for the purpose of identifying and ascertaining the lands sold, where general words of description capable of being made certain are used in the writing * * *".

Numerous cases of other jurisdictions hold that the mere description of a tract of land as containing a certain number of acres, or a like description, is not sufficient to take a writing out of the statute of frauds, or to serve as a basis for admission of parol evidence. See *McCullouch* v. *McCombs Producing & Refining Company,* 191 Ky. 518, 230 S. W. 917; *Noland* v. *Haywood,* 46 Wyo. 101, 23. P. 2d 845; *Logan* v. *Waddle,* 315 Mo. 980, 287 S. W. 624; *Francis* v. *Thomas,* 129 Tex. 579, 106 S. W. 2d 257; *Atlas* v. *Gunsberg Packing Co.,* 240 Mich. 141, 215 N. W. 339; *Durham* v. *Davison,* 156 Ga. 49, 118 S. E. 736; *Butler Cotton Oil Co.* v. *Millican,* 216 Ala. 472, 113 So. 529; *Durkin* v. *Machesky,* 177 Wis. 595, 188 N. W. 97; *Calci* v. *Caianillo,* 46 R. I. 305, 127 A. 361; *Often* v. *Stout,* 97 N. J. Eq. 122, 127 A. 677; *Marshall* v. *Hillman Inv. Company,* 151 Wash. 529, 276 P. 564; *Howard & Company* v. *Innes,* 253 Pa. 593, 98 A. 761; *Lewis* v. *Murray,* 177 N. C. 17, 97 S. E. 750; *Speed* v. *Speed,* 213 S. C. 401, 49 S. E. 2d 588; *Blake* v. *Doherty,* 5 Wheat. 359; Annotation, *Martin* v. *Seigel,* 35 Wash. 2d 223, 212 P. 107, 23 A. L. R. 2d 1.

The particular description in the writing involved in the instant proceeding does no more than mention a tract

of land containing a certain number of acres situated on a certain stream. No "key" or "foundation" word or phrase is contained therein. The writing contained no reference to any other instrument; no reference to the land by any name or designation; no reference to any owner, or source of title; no reference to any occupancy at the date of the writing, or at any other date; and no reference to any adjoining tract or tracts of land. The decisions of this Court clearly hold that "key" or "foundation" words or phrases can not be supplied by extrinsic evidence. As pointed out by Judge Poffenbarger in the opinion in *Crookshanks* v. *Ransbarger, supra:* "* * * it is absolutely essential that some words importing intent to cover the land be found therein. Words in the contract, not mere circumstances outside of it, nor the relation of the parties to the land, form an indispensable element * * * But the law rigidly exacts the presence of words in the contract, expressing the intention. It cannot be supplied by mere inference arising from facts disclosed by extrinsic evidence * * *". We may well say of the description contained in the contract involved in the instant case what Judge Brannon said of the description considered in *Crawford* v. *Workman, supra:* "So, we see that you cannot introduce any and all kinds of evidence. You cannot make a contract by oral evidence. You cannot put into the contract by oral evidence a most material element which the statute of frauds designs to be in writing. The trouble in this case is, that the contract itself neither specifies the particular land nor does it refer to any thing out side the contract by which to identify the land. It contains no such pointers. It does state the district and the streams, but where in that district or on these streams? It is lame because it contains nothing to point out that land, or point out something by which it may be made certain * * *".

Under settled principles established by the decisions of this Court, cited herein, we think the writing involved contains an insufficient description, insufficient to identify the land or to constitute a basis for the admission of ex-

trinsic evidence for that purpose. To hold otherwise, or to presume that the contract intended to describe certain lands simply because the person who executed the contract owned certain lands on a certain stream, or to infer from facts proved by extrinsic evidence, without any "key" or "foundation" word or phrase in the contract, that such person intended to describe certain lands, would, in effect, "supply" a description, or make a contract for the parties, which can not be done, as shown by the rule quoted above from Corpus Juris Secundum, supported by all applicable authorities that we have been able to find.

The next contention made is that defendants waived any question as to the sufficiency of the description of the land as contained in the option. This contention is based principally upon language used in the answer of one of the defendants, Rhodie Pauley. Admittedly, the language standing alone would carry strong implications of intention of waiver. However, it is clear from the whole answer that the defendant, Rhodie Pauley, intended to do no more than to admit the actual signing of the option by her, as admitted also in her deposition. It is clear, we think, that there is no intention to waive any question relating to the sufficiency of the writing, for she specifically charges its invalidity in the answer, and continues to do so in her deposition. Neither the bill of complaint nor the answer specifically raised any question as to the sufficiency of the description, and it would appear very unlikely that she intended to waive a question not specifically raised. Plaintiff made no reliance upon the supposed waiver or admission, but proceeded to establish the allegations of the bill of complaint by proof. Moreover, the other defendant, George H. Pauley, did not make an answer to the bill of complaint. In these circumstances, we think no waiver is established.

There is some contention that the questions raised by the plea of the statute of frauds and by the petition for rehearing should not have been considered by the trial court, and should not now be considered by this Court,

for the reason that they were filed too late. As appears above, they were filed not later than the time of the entry of the final decree. We think, however, the filing of the plea and the petition was a matter within the discretion of the trial court, and, in the exercise of that discretion having filed them, it became the duty of that court to pass upon the questions raised, which the court did. See *Cummings* v. *Hamrick,* 74 W. Va. 406, 82 S. E. 44; *Floyd* v. *Duffy,* 68 W. Va. 339, 69 S. E. 993, 33 L. R. A., N. S., 883.

It necessarily follows that the decree of the Circuit Court of Kanawha County complained of must be reversed.

*Reversed.*

HAYMOND, JUDGE, dissenting:

As I am thoroughly convinced from the record in its entirety in this case that the defendants, Rhodie Pauley and George H. Pauley, her husband, have no valid defense to the claim of the plaintiff to specific performance of the written contract of sale executed by the defendant Rhodie Pauley of the four tracts aggregating sixty eight and one half acres, more or less, of land owned by her, I dissent from the decision of the majority which reverses the decree of the circuit court granting specific performance and relieves her of the obligation fairly imposed upon her by the contract of sale.

The defendant George H. Pauley, who did not sign the contract, filed a demurrer to the original bill of complaint and the amended bill of complaint. His demurrer to each of these pleadings was overruled. He did not file an answer and, as he was duly served with process, the material allegations of each bill of complaint were taken for confessed as to him.

The defendant Rhodie Pauley filed an answer to the original bill of complaint in which she admitted that she had executed an option which granted the plaintiff the exclusive right to purchase the real estate described in the bill of complaint but in which she denied that the

plaintiff had elected to extend the option within the first extension period of two months provided by the option and denied that the plaintiff had accepted the option in the manner provided by its terms. The alleged failure of the plaintiff to elect to extend and to accept the option was the sole ground of defense presented by her answer.

The case was heard and submitted for decision upon the original bill of complaint, the amended bill of complaint, the answer of the defendant Rhodie Pauley, the replication of the plaintiff, the evidence introduced by the plaintiff, in the form of depositions, that he had elected to extend the option and had accepted it within the time and in the manner provided by its terms, and the evidence introduced by the defendants, also in the form of depositions, that the plaintiff had failed to comply with its terms in that respect. The only controverted questions of fact presented by the foregoing pleadings or dealt with in the evidence related to the election to extend the option and its acceptance by the plaintiff. The defendants admitted that the defendant Rhodie Pauley was the owner of the real estate and that there were two houses and a barn on the land; and the defendant Rhodie Pauley, in her testimony, stated that the defendants had previously lived in one of the houses and she referred to the property as a farm on Davis Creek. Neither the answer nor the evidence offered by the defendants challenges or assails the validity of the option, which if duly extended and accepted became a contract of sale and purchase, because of insufficient description or inadequate identification of the land or the application of the statute of frauds. Upon the hearing the defendants relied upon the sole defense that the option had not been extended and accepted within the time and in the manner required by its terms.

On September 30, 1952, the court decided the issues presented and upon conflicting evidence relating to those factual matters found in favor of the plaintiff and directed, by a written memorandum filed of record, the entry of a decree of specific performance awarding costs against the defendants which decree, however, was not actually

entered until December 1, 1952: The record discloses that on the same day, but after the entry of the final decree, the defendants tendered a plea of the statute of frauds, a petition for permission to amend the answer of the defendant Rhodie Pauley, and a petition to rehear the case. The plea and the petition to rehear were filed by permission of the court. A demurrer to the plea was sustained and the relief sought by the petitions was denied. Separate decrees were successively entered of record with respect to the plea and each petition and, contrary to the statement in the majority opinion that the action taken in connection with the plea and the petitions occurred "apparently before the actual entry" of the final decree, each of the separate decrees was entered of record after the entry of the final decree. The circuit court, being a court of record, speaks only by its record, and that which does not appear from such record does not exist in law. *State ex rel. Bika* v. *Ashworth,* 128 W. Va. 1, 35 S. E. 2d 351; *Meyers* v. *Washington Heights Land Company,* 107 W. Va. 632, 149 S. E. 819; *Charleston Trust Company* v. *Todd,* 101 W. Va. 31, 131 S. E. 638.

Under the well established rule that the findings of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless clearly wrong or against the preponderance of the evidence, the decree entered by the circuit court is conclusive upon the question of the extension of the option and its acceptance by the plaintiff. *Mann* v. *Peck,* 139 W. Va. 487, 80 S. E. 2d 518; *Gaymont Fuel Company* v. *Price,* 138 W. Va. 930, 79 S. E. 2d 96; *Rohrbaugh* v. *Rohrbaugh,* 136 W. Va. 708, 68 S. E. 2d 361; *Acker* v. *Martin,* 136 W. Va. 503, 68 S. E. 2d 721; *Holt Motors* v. *Casto,* 136 W. Va. 284, 67 S. E. 2d 432; *Adams* v. *Ferrell,* 135 W. Va. 463, 63 S. E. 2d 840; *Bennett* v. *Neff,* 130 W. Va. 121, 42 S. E. 2d 793; *Hardin* v. *Collins,* 125 W. Va. 81, 23 S. E. 2d 916; *Shipper* v. *Downey,* 119 W. Va. 591, 197 S. E. 355; *Spradling* v. *Spradling,* 118 W. Va. 308, 190 S. E. 537; *Tynes* v. *Shore,* 117 W. Va. 355, 185 S. E. 845; *Kincaid* v. *Evans,* 106 W. Va. 605, 146 S. E. 620; *Ramsey* v.

*England,* 85 W. Va. 101, 101 S. E. 73; *Bailey* v. *Calfee,* 49 W. Va. 630, 39 S. E. 642.

Notwithstanding the unwarranted delay in the filing of the plea of the statute of frauds until after the case had been heard and determined and a final decree entered which granted the relief prayed for by the plaintiff, the majority bases its decision to reverse the decree and dismiss this suit on the highly technical and legally erroneous ground that the description of the land, aggregating sixty eight and one half acres, more or less, comprising four separate tracts of thirty three and one half acres, ten acres, more or less, ten acres, more or less, and fifteen acres, more or less, the identity of which, by the undisputed evidence, was well known to all the parties to the option, was insufficient and that, for that reason, the contract of sale does not satisfy the certainty requirement of the statute of frauds and may not be enforced. It is perfectly obvious that there is only one tract aggregating sixty eight and one half acres of land, more or less, made up of four separate parcels of designated acreages, on Middle Fork of Davis Creek, in Kanawha County, West Virginia. There is no contention by any party to the contract that any of them could not, from the description used in the contract, identify or locate the land or did not know where to find it. The description of the tract, the component parcels of which obviously aggregate sixty eight and one half acres, more or less, the express statement of the individual acreage of each of the four parcels comprising the entire tract, and the designation of its location on Middle Fork of Davis Creek, give clearly recognizable individuality to the entire tract and constitute a sufficient guide or key to enable any person of ordinary intelligence and experience in such matters to identify and locate the land mentioned in the contract.

In each of the cases of *White* v. *Core,* 20 W. Va. 272; *Ferrell* v. *Camden,* 49 W. Va. 225, 38 S. E. 581; *Holley's Executor* v. *Curry,* 58 W. Va. 70, 51 S. E. 135, 112 A. S. R. 944; *Crotty* v. *Effler,* 60 W. Va. 258, 54 S. E. 345; *Kight* v.

*Kight,* 64 W. Va. 519, 63 S. E. 335; *Day* v. *Kramer,* 87 W. Va. 777, 106 S. E. 128 and *Sponaugle* v. *Warner,* 98 W. Va. 532, 127 S. E. 403, cited in the majority opinion, the description of the land involved was held to be sufficient, and, in my opinion, the description, in each instance, is no more certain or definite or the land is no more capable of identification by extrinsic evidence than the description and the means of identification contained in the present contract of sale. It mentions four separate parcels which comprise the entire tract, designates the acreage of each, and expressly locates the tract on Middle Fork of Davis Creek. The terms of the contract necessarily imply that the land is owned by the defendant Rhodie Pauley.

Though the rule as stated in 37 C. J. S., Frauds, Statute of, Section 184, and as applied in the above cited cases in the majority opinion, is that "One. of the essential elements of a contract for the sale or conveyance of real property which must be stated in the contract, or a memorandum or note thereof, is a description of the property to be conveyed. The land must be so described that it can be identified with reasonable certainty. The writing must disclose a description which is itself definite and certain or it must furnish the means or key by which the description may be made certain and identified with its location on the ground. In other words the contract, note, or memorandum is insufficient where parol evidence is necessary to supply the description, or part thereof, to determine and define the subject matter, and to show the intention and agreement of the parties as to the subject matter; and it is sufficient as regards subject matter where it furnishes a sufficient foundation for the admission of extrinsic evidence to apply the description and by means of such evidence the particular tract of land which is the subject matter of the agreement may be identified and located to the exclusion of all others * * *.", the description contained in the instant contract of sale fully satisfies the requirement of the above quoted rule. By expressly designating the acreage of each of the four separate parcels which together aggregate sixty eight and one

half acres, more or less, and constitute the entire tract and the definite location of the land on a single named stream and by necessarily implying that the defendant Rhodie Pauley is its owner, the description in the contract furnishes the "means or key by which the description may be made certain" and by which the land "may be identified and located to the exclusion of all" other tracts of land, and supplies a "sufficient foundation for the admission of extrinsic evidence" to identify and locate it. It is evident that there is no other tract of land of the obvious aggregate of sixty eight and one half acres, more or less, on Middle Fork of Davis Creek which is made up of four separate parcels of the designated acreage of each and it can not be said, with any degree of reason, that the description of the land set forth in the contract of sale is too vague or uncertain, or that the land can not be readily identified and located, or that either party to the contract of sale entertained any doubt whatever as to the identification and the location of the land.

In *Bolton* v. *Harman,* 98 W. Va. 518, 128 S. E. 101, the description of land in a deed as "A tract of 400 acres situate on Mountain Fork of Big Creek in McDowell County, West Virginia, and being a portion of an original tract of 1600 acres patented to J. C. Harrison by the State of Virginia, and being the same tract of land which adjoins Geo. L. Carter and others and is now leased to the said G. L. Carter by the parties of the first part under a coal lease, this deed being subject to the provisions of said coal lease.", was held to be sufficient; and in *Davis Colliery Company* v. *Westfall,* 78 W. Va. 735, 90 S. E. 328, the description of land in a conveyance as "One tract of seven hundred acres in the district of Middle Fork in this County on the waters of the Middle Fork River near the town of West Huttonsville, being a part of a tract of one thousand acres devised to the said Alfred Hutton by his father, Moses Hutton." was likewise held to be sufficient. The tracts of 400 acres and 700 acres in the foregoing descriptions are merely undefined portions of larger tracts and the only recital or reference in the description

in the *Davis Colliery Company* case relates to the 1000 acre tract of which the 700 acre tract is a part. The description of the 400 acres and of the 700 acres, in each instance, is not more certain, but is obviously less certain, than the description of the tract of land, composed of four separate parcels of designated acreages, in the contract of sale; and the holdings in the *Bolton* case and in the *Davis Colliery Company* case, on this point, clearly sustain the legal sufficiency of the description of the land in the contract of sale.

It is significant that no case has been cited by counsel, or discussed in the majority opinion, or has been found by a painstaking search of the authorities by me, which holds that a description of a tract of land, which expressly mentions its separate component parcels by designated acreages, the aggregate of which is obvious, and specifies a definite location of the land, is legally insufficient and unenforceable under the statute of frauds.

In *Webb* v. *Ritter*, 60 W. Va. 193, 54 S. E. 484, this Court held that a deed, which described the land mentioned in it as: "All that certain tract or parcel of land situate in McDowell county, West Virginia, on Rings Branch, Peggy's Fork and Laurel Creek, all tributaries, of the Dry Fork and Tug River, supposed by estimation to contain one hundred acres be and the same more or less," was void for uncertainty of the description. In *Crawford* v. *Workman,* 64 W. Va. 10, 61 S. E. 319, cited and strongly relied on in the majority opinion, specific performance of a contract for the sale of land was denied by this Court which reversed a decree of the Circuit Court of Boone County granting specific performance of the contract. In that case the contract described the land as a tract "containing 600 acres, more or less, situate in Crook district, Boone county, West Virginia, described as follows, to-wit: On the West Fork of Little Coal River, and James Creek of said West Fork". Though this Court held that the foregoing description rendered the contract of sale void for uncertainty and constituted a sufficient ground for

refusing specific performance of the contract it denied specific performance on the additional ground that the plaintiffs had delayed the institution of their suit for a period of five years during which the real estate involved had vastly increased in value. The remedy of specific performance is not a matter of absolute right but rests in the sound, but reviewable, discretion of the court. *Abbott* v. *L'Hommedieu*, 10 W. Va. 677; *West Virginia Oil and Oil Land Company* v. *Vinal*, 14 W. Va. 637; *Johnson* v. *Ohio River Railroad Company*, 61 W. Va. 141, 56 S. E. 200; *Reger* v. *McAllister*, 70 W. Va. 52, 73 S. E. 48; *Kennedy* v. *Burns*, 84 W. Va. 701, 101 S. E. 156; *Rollyson* v. *Bourn*, 85 W. Va. 15, 100 S. E. 682; *Collins* v. *Thomas*, 87 W. Va. 597, 105 S. E. 897; *Morris* v. *Harrop*, 154 Va. 127, 152 S. E. 343; *Walker* v. *Henderson*, 151 Va. 913, 145 S. E. 311; *Beckett* v. *Kornegay*, 150 Va. 636, 143 S. E. 296; and this Court recognized that principle in the *Crawford* case.

In the following cases these descriptions were held to be legally insufficient and the contract, written or verbal, embodying such description, void for uncertainty: "a tract of land * * * situated on the south side of the South Fork near Owen Talkington", *Ensminger* v. *Peterson*, 53 W. Va. 324, 44 S. E. 218; "a certain piece of land being the lower end of a certain survey conveyed to him by said Williams, adjoining the lands of Cheat Hamman and old man Jimmy Robins, in the district of Falling Spring, in the county of Greenbrier and State of W. Va., containing 67½ acres", *Blankenship* v. *Spencer*, 31 W. Va. 510, 7 S. E. 433; "forty acres off the Spring Fork end of my tract of one hundred and forty-seven acres on Beech Fork in Calhoun county", *Westfall* v. *Cottrills*, 24 W. Va. 763; and "ten acres of land on the west side of the branch on the Keeny place (where Mathews now resides)", *Mathews* v. *Jarrett*, 20 W. Va. 415. The descriptions considered in the *Webb, Crawford, Ensminger, Blankenship, Westfall*, and *Mathews* cases are materially different from the description in the contract here under consideration which, as already pointed out, designates four tracts of specified acreages as components of a tract aggregating

sixty eight and one half acres, and definitely locates and identifies it, and the holdings in those cases do not apply to or control the description in this case or render the contract of sale void for uncertainty and unenforceable.

This Court has frequently held that the main object of a description of land sold or conveyed in a contract of sale or a deed is not in and of itself to identify the land, which it seldom does or can do without the aid of extrinsic evidence, but such object is to furnish the means of identification; that if the description does this it is sufficient; and that, in a description, that is certain which can be made certain. *Thorn* v. *Phares,* 35 W. Va. 771, 14 S. E. 399; *Simpkins* v. *White,* 43 W. Va. 125, 27 S. E. 361; *Foley* v. *Ruley,* 43 W. Va. 513, 27 S. E. 268; *Holley's Executor* v. *Curry,* 58 W. Va. 70, 51 S. E. 135, 112 A. S. R. 944; *Smith* v. *Owens,* 63 W. Va. 60, 59 S. E. 762; *Jones* v. *Gibson,* 118 W. Va. 66, 188 S. E. 773.

It is also well established by the decisions of this Court that great liberality is allowed with reference to a description of property and that a deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, the property intended to be conveyed. *Holley's Executor* v. *Curry,* 58 W. Va. 70, 51 S. E. 135, 112 A. S. R. 944; *Jones* v. *Gibson,* 118 W. Va. 66, 188 S. E. 773. The majority opinion, quoting from *Simpkins* v. *White,* 43 W. Va. 125, 27 S. E. 361, recognizes the rule that a deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, the property intended to be conveyed, but the same opinion refuses to give that rule force or effect or to apply it to the present contract of sale. The defendants, in their testimony, admit the ownership of the land by the defendant Rhodie Pauley; and the description, by designating the acreage of the component parcels and locating the tract on Middle Fork of Davis Creek, furnishes the means of identifying it to the exclusion of all other lands. Under the foregoing rule these undisputed facts make

certain the description and render it legally sufficient. Instead of applying the rule of liberal construction to the description, the majority adopts a contrary rule of strict and narrow construction the application of which will render void for uncertainty of description countless existing instruments of title to land which have heretofore been regarded as valid beyond all question of doubt. This feature of this case is a matter of grave concern and is the impelling reason for this dissent.

If, however, the description of the land in the contract of sale could reasonably be considered legally insufficient and, for that reason, the contract held void for uncertainty and unenforceable under the statute of frauds, the defendants have completely waived the defense of that statute. The defendant Rhodie Pauley, in her answer, expressly admits that she granted the plaintiff the exclusive right to purchase the real estate described in the option, which the proof offered by the plaintiff showed and the court found was duly extended and accepted, and in the answer she did not plead, mention, or rely upon the statute of frauds as a defense. The defendant George H. Pauley filed no answer to the bills of complaint which, for that reason, were taken as confessed as to him. The case was heard and submitted for decision and decided upon the issues raised by the bills of complaint and the answer of the defendant Rhodie Pauley. By the foregoing acts and omissions of the defendants they waived the defense of the statute of frauds and, having waived that defense in that manner, they could not overcome the effect of the waiver by filing the plea of the statute of frauds after the case had been finally decided on its merits and the final decree granting the relief prayed for by the plaintiff had been entered of record. There was no showing of good cause by the defendants which would justify the trial court in setting aside or modifying that decree and its action in permitting the plea to be filed and in sustaining the demurrer to the plea after the final decree had been entered was erroneous, *Baker* v. *Gaskins*, 128 W. Va. 427, 36 S. E. 2d 893; *Post* v. *Carr*, 42 W. Va.

72, 24 S. E. 583; and such action did not operate to overcome the waiver by the defendants of the defense of the statute of frauds by their failure to invoke that defense before the entry of the final decree.

This Court has repeatedly held, in an unbroken line of decisions, that when an answer admits an agreement for the sale or purchase of land as alleged in the bill of complaint the defendant must plead the statute of frauds or the answer must claim the benefit of the statute and that by failing to plead the statute or to claim its benefit in the answer the defendant admits the agreement and renounces the benefit of the statute. *Fleming, Admr.* v. *Holt,* 12 W. Va. 143; *Barrett* v. *McAllister,* 33 W. Va. 738, 11 S. E. 220; *Cunningham* v. *Cunningham,* 46 W. Va. 1, 32 S. E. 998; *Campbell* v. *O'Neill,* 69 W. Va. 459, 72 S. E. 732; *Blagg* v. *Van Sickle,* 90 W. Va. 351, 110 S. E. 816. In the opinion in *Fleming, Admr.* v. *Holt,* 12 W. Va. 143, this Court used this pertinent language: "Where an answer admits an agreement for the sale or purchase of lands, though but a parol one, the defendant must plead this statute, or the answer must claim the benefit of this statute, in order that the defendant may avail himself of it; otherwise he is taken to have admitted an agreement, which is either good under the statute, or on some other ground is binding on him. See *Spurrier* v. *Fitzgerald,* 6 Ves. 548; *Harris* v. *Kinckerbocker,* 5 Wend. 638; *Talbot* v. *Bowen,* 1 A. K. Mar. 325; and it is immaterial whether the admission be directly by the answer, or by permitting the bill to be taken for confessed, or by failure to deny the agreement alleged in the bill, which under our statute is then taken to be true; *Newton* v. *Swanzey,* 8 N. H. 9."

As the contract of sale is not void for uncertainty or unenforceable under the statute of frauds and as the benefit of that statute has been fully waived by the defendants, I would affirm the final decree of the Circuit Court of Kanawha County which granted the plaintiff the relief for which he prayed.

I am authorized to say that Judge Browning concurs in the views expressed in this dissent.